FILED
CLERK'S OFFICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

2004 MAY 13 P 3:40

U.S. DISTRICT COURT
DISTRICT OF MASS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., ) | |
| Plaintiff, ) | |
| ) | **DEFENDANT'S ANSWER AND** |
| v. ) | **COUNTER-CLAIMS** |
| ) | **(JURY TRIAL DEMANDED)** |
| CONSUMER PRODUCTS ENTERPRISES, ) | |
| INC., ) | |
| Defendant. ) | |

Defendant, Consumer Products Enterprises, Inc. ("CPE"), responds to the allegations in the complaint (the "Complaint") of National Nonwovens, Inc., allegedly a Massachusetts corporation ("Plaintiff"), as follows:

1. CPE is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2. CPE denies that it is a corporation organized and existing under the laws of the state of South Carolina but admits the remainder of the allegations contained in paragraph 2 of the Complaint.

3. CPE denies that the Complaint sets forth claims for unfair competition under common law. The remainder of the allegations of paragraph 3 of the Complaint is Plaintiff's characterization of this action and needs no response.

4. CPE admits that this Court has subject matter jurisdiction over the claims in the Complaint, pursuant to 15 U.S.C. Sec. 1121, 28 U.S.C. Sec. 1338(a), and pendent jurisdiction, but denies that, with respect to the claims in the Complaint, this Court has diversity jurisdiction,

that it has personal jurisdiction over CPE, that venue is proper in this district pursuant to 28 U.S.C. 1391(b) and (c), and that the amount in question exceeds $75,000.

5. CPE is informed and believes, and therefore admits, that Plaintiff is a manufacturer and seller of various products, including wool felt.

6. CPE is informed and believes, and therefore admits, that United States Trademark Registration No. 1,385,577 has a registration date of March 4, 1986. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegation that the registration is "subsisting uncancelled and unrevoked." CPE denies the remainder of the allegations contained in paragraph 6 of the Complaint.

7. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 7 of the Complaint.

8. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 8 of the Complaint.

9. CPE is informed and believes, and therefore admits, that United States Trademark Registration No. 2,073,811 for WOOLFELT has a registration date of June 24, 1997, and that a Section 7 correction was issued for the registration on February 27, 2004. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegation that the registration is "subsisting uncancelled and unrevoked." CPE denies the remainder of the allegations contained in paragraph 9 of the Complaint.

10. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 10 of the Complaint regarding Plaintiff's use of trademarks in connection with the commercial use of wool felt.

11. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 11 of the Complaint regarding Plaintiff's use of web sites to sell and promote wool felt.

12. CPE denies that Exhibit C to the Complaint includes "uniquely shaped samples." CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the remainder of the allegations contained in paragraph 12 of the Complaint regarding Plaintiff's use of web site promotional materials to sell and promote wool felt.

13. CPE denies that Exhibit D of the Complaint contains examples of "distinctive features." CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the remainder of the allegations contained in paragraph 13 of the Complaint.

14. CPE denies the allegations contained in paragraph 14 of the Complaint.

15. CPE denies the allegations contained in paragraph 15 of the Complaint.

16. CPE admits the allegations in paragraph 16 of the Complaint insofar as it alleges that a letter dated November 10, 2003, was mailed to CPE that demanded that it "cease and desist from any further use of the mark 'Classic Wool Felt' . . . ."

17. CPE admits that it responded to the November 10, 2003, letter by letter dated December 8, 2003, in which it stated that it had "no intention of discontinuing use of 'classic wool felt' in connection with the products that it sells." CPE denies the remainder of the allegations contained in paragraph 17 of the Complaint insofar as it contains further allegations.

18. CPE admits that it continues to sell wool felt that it describes as "imperial wool felt" and "classic wool felt" to several distributors in the United States. CPE denies the remainder of the allegations contained in paragraph 18 of the Complaint.

19. CPE admits that on or about October of 2003, it began using the design attached to the Complaint as Exhibit E but denies the remainder of the allegations contained in paragraph 19 of the Complaint.

20. CPE does not understand the Plaintiff's allegation in paragraph 20 of the Complaint that Plaintiff "obtained a copyright application." CPE is therefore unable to respond to this allegation and thus denies the same. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the remaining allegations contained in paragraph 20 of the Complaint.

21. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 21 of the Complaint.

22. CPE admits the allegations contained in paragraph 22 of the Complaint.

23. CPE denies the allegations contained in paragraph 23 of the Complaint.

24. CPE admits the allegations contained in paragraph 24 of the Complaint insofar as they allege that CPE has used the term ". . . naturally better" in connection with its classic wool felt and imperial wool felt. CPE denies the remainder of the allegations, if any, contained in paragraph 24 of the Complaint.

25. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. CPE denies the allegations contained in paragraph 26 of the Complaint.

27. CPE denies the allegations contained in paragraph 27 of the Complaint.

28. CPE denies the allegations contained in paragraph 28 of the Complaint.

29. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 8 and 14 through 19 of the Complaint as if fully set forth herein.

30. CPE denies the allegations contained in paragraph 30 of the Complaint.

31. CPE denies the allegations contained in paragraph 31 of the Complaint.

32. CPE denies the allegations contained in paragraph 32 of the Complaint.

33. CPE denies the allegations contained in paragraph 33 of the Complaint.

34. CPE denies the allegations contained in paragraph 34 of the Complaint.

35. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 6, 9 through 10, and 14 through 19 of the Complaint as if fully set forth herein.

36. CPE denies the allegations contained in paragraph 36 of the Complaint.

37. CPE denies the allegations contained in paragraph 37 of the Complaint.

38. CPE denies the allegations contained in paragraph 38 of the Complaint.

39. CPE denies the allegations contained in paragraph 39 of the Complaint.

40. CPE denies the allegations contained in paragraph 40 of the Complaint.

41. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

42. CPE denies the allegations contained in paragraph 42 of the Complaint.

43. CPE denies the allegations contained in paragraph 43 of the Complaint.

44. CPE denies the allegations contained in paragraph 44 of the Complaint.

45. CPE admits that it has used the design shown in Exhibit E to the Complaint in connection with the sale and promotion of its goods. CPE denies the remainder of the allegations contained in paragraph 45 of the Complaint.

46. CPE denies the allegations contained in paragraph 46 of the Complaint.

47. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

48. CPE denies the allegations contained in paragraph 48 of the Complaint.

49. CPE denies the allegations contained in paragraph 49 of the Complaint.

50. CPE denies the allegations contained in paragraph 50 of the Complaint.

51. CPE denies the allegations contained in paragraph 51 of the Complaint.

52. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 4, 20, and 22 through 23 of the Complaint as if fully set forth herein.

53. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 53 of the Complaint.

54. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 54 of the Complaint.

55. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 55 of the Complaint.

56. CPE denies the allegations contained in paragraph 56 of the Complaint.

57. CPE denies the allegations contained in paragraph 57 of the Complaint.

58. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 4 and 21 through 23 of the Complaint as if fully set forth herein.

59. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 59 of the Complaint.

60. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 60 of the Complaint.

61. CPE is without knowledge or information sufficient to form a belief as to the truth or correctness of the allegations contained in paragraph 61 of the Complaint.

62. CPE denies the allegations contained in paragraph 62 of the Complaint.

63. CPE denies the allegations contained in paragraph 63 of the Complaint.

64. CPE hereby adopts and incorporates herein its answers to paragraphs 1 through 53 of the Complaint as if fully set forth herein.

65. CPE denies the allegations contained in paragraph 65 of the Complaint.

66. CPE denies the allegations contained in paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense: Failure to State a Claim

The Complaint, and each count therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense: Lack of Standing

Plaintiff lacks standing to assert the alleged claims set forth in the Complaint because, as it identifies itself in the Complaint, it is not the owner of any of the trademark or copyright registrations identified in the Complaint.

### Third Affirmative Defense: Lack of Personal Jurisdiction

The claims asserted by Plaintiff in this matter do not arise out of business that CPE has transacted in Massachusetts, any goods or services that CPE has supplied in Massachusetts, or any tortious injury that CPE has caused by an act or omission in Massachusetts. CPE does not regularly solicit business, engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Massachusetts. In addition, CPE does not purposefully avail itself of the privilege of conducting activities within Massachusetts, does not regularly invoke the benefits and protections of its laws, and does not have such connections with Massachusetts that it could reasonably have anticipated being haled into court in Massachusetts. This Court therefore lacks personal jurisdiction over CPE.

### Fourth Affirmative Defense: Improper Venue

CPE does not reside in this district, a substantial part of the events or omissions giving rise to the alleged claims in the Complaint did not occur in this district, CPE is not subject to

personal jurisdiction in this district or this state, and this action may be brought in another district. Venue in this Court is therefore improper with respect to the claims in the Complaint.

### Fifth Affirmative Defense: Genericness

WOOL FELT is a generic term for wool felt and not protectable as a trademark under federal or state law.

### Sixth Affirmative Defense: Abandonment

Plaintiff's claims of trademark rights in and to WOOL FELT or WOOLFELT are not sustainable because, if Plaintiff ever had any rights in WOOL FELT or WOOLFELT, they were abandoned by acquiescence in persistent use of the term "wool felt" by numerous parties before and throughout the period of use by Plaintiff.

### Seventh Affirmative Defense: Fraud in Obtaining and Maintaining the Marks

On information and belief, Plaintiff's claims of trademark rights in and to WOOL FELT or WOOLFELT are not sustainable because its registration of the mark or similar mark was obtained and maintained through the commission of acts of fraud by Plaintiff upon the United States Patent and Trademark Office regarding the exclusivity of the use of the mark.

### Eighth Affirmative Defense: Violation of the Anti-Trust Laws of the United States

Plaintiff has used and is using the WOOL FELT or WOOLFELT mark to violate the anti-trust laws of the United States. Such violations include, but are not limited to, Plaintiff's attempt to use the WOOL FELT or WOOLFELT mark to monopolize the market for wool felt by anti-competitive conduct on the part of Plaintiff. Such anti-competitive conduct includes, but is not limited to, (i) misusing the WOOL FELT OR WOOLFELT mark to attempt to prevent and actually to prevent third parties from using the term "wool felt" to describe wool felt, in violation of the Sherman Act, § 2, 15 U.S.C.S. § 2; (ii) on information and belief, attempting to obtain and obtaining registrations for the WOOLFELT mark through fraud and then threatening and

actually filing one or more infringement suits against one or more parties alleging infringement of the mark; (iii) on information and belief, obtaining registration on a generic or descriptive term through fraud and then using such registration to prevent (or attempt to prevent) others in the market from using generic or descriptive terms or from being able aptly and fairly to describe their goods and services; (iv) misusing the mark to attempt to prevent and actually prevent others from using the term "wool felt" in a generic or descriptive sense; and (v) on information and belief, Plaintiff's attempt to create a monopoly via misrepresentations to third parties exaggerating the scope of trademark protection afforded to WOOLFELT, and threatening and/or unlawfully instituting suit on the basis of such exaggerated claims of rights, all in violation of the Sherman Act, § 2, 15 U.S.C.S. § 2. Plaintiff's anti-competitive conduct was and is specifically intended by Plaintiff to monopolize and has a dangerous probability of achieving monopoly power.

### Ninth Affirmative Defense: Fair Use

Any use by CPE of Plaintiff's purported marks or material in which it claims copyright constitutes fair use.

### Tenth Affirmative Defense: Bad Faith

Plaintiff has engaged in bad faith assertions of its alleged trademark rights to the extent that plaintiff has asserted each of the causes of action in the Complaint knowing or having sufficient information to know that it has no cognizable rights in and to the term "Wool Felt".

## COUNTERCLAIMS

### Parties

1. The Plaintiff-in-Counterclaim, CPE, is a corporation with a principal place of business at 541 Buffalo West Springs Highway, Union, South Carolina.

2. Upon information and belief based on the allegations in the Complaint, National Nonwovens, Inc. ("Nonwovens"), is a company having a usual place of business in Easthampton, Hampshire County, Massachusetts.

### Nature of Counterclaims

3. This is an action for a judgment that United States Trademark Registration No. 2,073,811 for WOOLFELT (the "WOOLFELT Registration") is invalid, for damages that CPE has suffered due to the procurement by Nonwovens of the WOOLFELT Registration by one or more false or fraudulent declarations or representations, for recovery of treble damages and attorneys' fees that CPE has incurred due to Nonwovens' violation of section 2 of the Sherman Act and due to Nonwovens' unfair business practices prohibited by section 93A of the Massachusetts General Laws, for a declaratory judgment that CPE's use of the term "Wool Felt" to designate, identify, or describe any of its products does not infringe any trademark of Nonwovens, and for a preliminary and permanent injunction barring Nonwovens from further alleging or claiming to any party that the WOOLFELT Registration has been or is being infringed by CPE.

### Jurisdiction

4. This Court has jurisdiction over these Counterclaims pursuant to 15 U.S.C. §1119 and §1121, and 28 U.S.C. §1331, §1338(a), §1338(b), and §1367.

## Venue

5. Venue with respect to these Counterclaims is proper in this district pursuant to 28 U.S.C. §1391(b).

## Facts

6. Nonwovens alleges that it is the owner of the WOOLFELT Registration for wool felt fabric.

7. Nonwovens alleges that the WOOLFELT Registration is valid.

8. The WOOLFELT Registration is based upon one or more false, misleading, and/or incomplete representations of fact, including representations regarding the commercial meaning, distinction, past and intended use, and/or exclusivity of use of the terms "woolfelt" and/or "wool felt."

9. By various actions, including those in support of its position that the WOOLFELT Registration prevents CPE from using the term "Wool Felt," Nonwovens has conceded that WOOLFELT is identical to, functionally equivalent to, and/or synonymous with "Wool Felt" as a commercial term for wool felt.

10. Nonwovens, through correspondence to CPE and others and through the filing of the Complaint, has attempted to prevent CPE, on the basis of the WOOLFELT Registration, from using the term "wool felt" to designate, describe, or identify its wool felt products.

11. On information and belief, by taking such actions, Nonwovens is attempting to use, and is using, the WOOLFELT Registration so as to provide it with exclusive rights to the use of the term "wool felt" as an identifier of wool felt products.

### Count I
### Invalid Registration of Trademark – Genericness

12. CPE hereby adopts and incorporates herein each of its allegations in its Fifth Affirmative Defense and paragraphs 1 through 11, above.

13. The term "Wool Felt" is a generic term for wool felt.

14. The term "WoolFelt," as used by Nonwovens with respect to its wool felt products, is a trivial variation of, and is, for relevant consumers, functionally indistinguishable from, the generic term "Wool Felt."

15. CPE has been, is being, and will continue to be damaged by the WOOLFELT Registration.

16. In light of the foregoing genericness of the WOOLFELT mark, the WOOLFELT Registration must be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

### Count II
### Invalid Registration of Trademark – Fraud

17. CPE hereby adopts and incorporates herein each of its allegations in its Seventh Affirmative Defense and paragraphs 1 through 16, above.

18. The WOOLFELT Registration was obtained and has been maintained through the commission of one or more acts of fraud by Nonwovens upon the United States Patent and Trademark Office ("USPTO") and the public.

19. Such acts of fraud included a "Declaration Under 37 CFR § 2.41" by Anthony J. Centofanti, President and Chief Executive Officer of Nonwovens, dated November 15, 1996, in which Mr. Centofanti declared, on behalf of Nonwovens,

that it has used the mark WOOLFELT "substantially exclusively" in interstate commerce for five years before the date of the Declaration.

20. On information and belief, such declaration was made with knowledge that the term "Wool Felt" had been used in commerce throughout that period by numerous other parties in connection with wool felt not sold by Nonwovens.

21. CPE has been, is being, and will continue to be damaged by the WOOLFELT Registration.

22. In light of the fraudulent basis of the WOOLFELT Registration, that registration must be canceled pursuant to 15 U.S.C. §§ 1064 and 1119.

## Count III
### Violation of the Sherman Act

23. CPE hereby adopts and incorporates herein each of its allegations in its Eighth Affirmative Defense and paragraphs 1 through 22, above.

24. Nonwovens' use of the WOOLFELT Registration so as to provide it with exclusive rights to the use of the term "wool felt" as an identifier of wool felt products is an attempt to monopolize the trade of wool felt within the United States and thus a violation of section 2 of the Sherman Act, 15 U.S.C. §2.

25. CPE has been injured, and will continue to be injured, by Nonwovens' said violation of section 2 of the Sherman Act.

## Count IV
### Unfair Business Practices – Mass. Gen. L. ch. 93A

26. CPE hereby adopts and incorporates herein each of its allegations in paragraphs 1 through 25, above.

13

27. All parties are engaged in trade or commerce within the meaning of Massachusetts General Laws Chapter 93A.

28. The conduct of Nonwovens described above constitutes unfair and deceptive acts or practices.

29. The conduct of Nonwovens described above occurred in Massachusetts and was knowing and willful.

30. As a result of the unfair and deceptive practices of Nonwovens, CPE has suffered and will suffer damages.

## RELIEF REQUESTED

WHEREFORE, CPE prays that judgment be entered against Nonwovens as follows:

a. Enter declaratory judgment that CPE's use of the term "Wool Felt" to designate, identify, or describe any of its products does not infringe any trademark of Nonwovens.

b. Enter judgment in favor of CPE and award monetary damages, including but not limited to actual, incidental and consequential damages, multiple damages, attorneys' fees, interests and costs.

c. Enter declaratory judgment that the WOOLFELT Registration and alleged trademark is invalid.

d. Order preliminary and permanent injunctive relief to preclude Nonwovens from further alleging or claiming to any party that the WOOLFELT Registration has been or is being infringed by CPE.

e. Award CPE such other relief as this Court deems just, proper and equitable.

CONSUMER PRODUCTS ENTERPRISES, INC. DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Respectfully submitted,
CONSUMER PRODUCTS
ENTERPRISES, INC.
By Its Attorneys:

Dated: May 13, 2004

*/s/ James C. Duda*
James C. Duda
BBO No. 551207
Joshua P. Grey
BBO No. 650544
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
413-781-2820
413-272-6806 – fax
e-mail: jduda@bulkley.com
: jgrey@bulkley.com

15

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on May 13, 2004.

/s/ Joshua P. Grey
Joshua P. Grey