UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL NONWOVENS, INC. )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CONSUMER PRODUCTS ENTERPRISES, INC. )<br>)<br>)<br>Defendant ) | Civil Action No.: 04-30078-MAP |

## AMENDED COMPLAINT

Plaintiff National Nonwovens, Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, for its Complaint against Defendant Consumer Product Enterprises, Inc. (hereinafter "Defendant") states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

THE PARTIES

1.  Plaintiff is a corporation organized and existing under the laws of the State of Delaware and has an office and principal place of business at 180 Pleasant Street, Easthampton, Massachusetts 01027.

2.  On information and belief, Defendant is a corporation organized and existing under the laws of the State of South Carolina and has an office and principal place of business at 541 Buffalo West Springs Highway, Union, South Carolina 29379.

NATURE OF THE ACTION

3.  This civil action sets forth claims for unfair competition and trademark infringement under the Trademark Laws of the United States as amended, (the Lanham

1

Act, 15 U.S.C. Sec. 1051 et seq.); trade dress infringement and false designation of origin under the Trademark Laws of the United States as amended, Section 43(a) of the Lanham Act, 15 U.S.C. Sec. 1125(a); unfair competition under common law; Copyright Infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"); and for unfair methods of competition under Massachusetts General Laws, Title XV, Chapter 93(a).

JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 15 U.S.C. Sec. 1121 (actions arising under the Federal Trademark Act), 28 U.S.C. Sec. 1338(a) (acts of Congress relating to trademarks), 28 U.S.C. 1332(a) (diversity of citizenship) and pendant jurisdiction. The amount in question herein exceeds $75,000. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b) and (c).

FACTUAL BACKGROUND

5.     Plaintiff is a manufacturer and seller of various products, including felts consisting of wool.

6.     Plaintiff is the owner of United States Trademark Registration No. 1,385,577, registered March 4, 1986 for "WoolFelt and Design" for wool felt, a copy of which is attached as Exhibit A. This registration is now valid, subsisting uncancelled and unrevoked. The mark also includes the words "There's Nothing Like the Real Thing."

7.     Continuously since on or about July 1982, Plaintiff has used its "WoolFelt and Design" trademark in connection with and to identify its felt fabric products and to distinguish said products from similar products offered for sale and sold by other companies by, and without limitation, prominently displaying said trademark on its products and advertising and promotional materials distributed throughout the United States.

2

8. Plaintiff's products sold under the "WoolFelt and Design" trademark and brand name are provided nationwide, including the states of Massachusetts and South Carolina.

9. Plaintiff is the owner of United States Trademark Registration No. 2,073,811, registered June 24, 1997 for "WoolFelt" for fabric, namely felt consisting of wool, a copy of which is attached as Exhibit B. This registration is now valid, subsisting uncancelled and unrevoked. A Section 7 correction was issued for the mark on February 27, 2004. A copy of the correction, issued by the U.S. Patent Office, is also attached in Exhibit B.

10. As of the date of filing of this Complaint, Plaintiff is actively engaged in expanding its use of the "WoolFelt" and "WoolFelt and Design" marks in connection with felt products consisting of wool in interstate commerce throughout the United States including the States of Massachusetts and South Carolina.

11. The Plaintiff operates web-sites at <www.nationalnonwovens.com> and <www.woolfelt.com> at which the Plaintiff sells and promotes, *inter alia*, felt consisting of wool under the mark "WoolFelt." The domain names were registered on or about August 1, 1997 and July 29, 1999, respectively. Content regarding the Plaintiff's products sold under the trademarks "WoolFelt" and "WoolFelt and Design" was posted to the web-sites on or about August 19, 1999.

12. The Plaintiff's web-site includes several promotional materials, including, among others, materials titled "Woolfelt Motifs". A copy of the promotional materials titled "Woolfelt Motifs" is attached in Exhibit C. The Woolfelt Motifs promotional materials include uniquely shaped samples or the Plaintiff's goods.

13. The Plaintiff's web-sites and promotional materials include several distinctive features, including a "sheep" design. The sheep design appears in various forms throughout the web-sites and on promotional materials. Several examples are attached in Exhibit D.

3

14. On information and belief, Defendant began using the trademarks "Imperial Wool Felt" and "Classic Wool Felt" as a trademark for felt products on or about October 2003.

15. The Defendant's use of the trademark "Wool Felt" on goods bearing both the "Imperial Wool Felt" and "Classic Wool Felt" trademarks in a script font makes the "Wool" and "Felt" portions of the trademarks appear as a single word.

16. On November 10, 2003, a cease and desist letter was mailed to the Defendant, demanding that the Defendant discontinue the use of the "Classic Wool Felt" trademark.

17. On December 8, 2003, Defendant responded to the cease and desist letter of November 10, 2003, refusing to discontinue the use of the "Classic Wool Felt" trademark.

18. On information and belief, the Defendant is continuing to sell felt consisting of wool under the "Imperial Wool Felt and "Classic Wool Felt" trademarks nationwide, including western Massachusetts, as of the filing of the present complaint.

19. On or about October 2003, the Defendant began using a design in the shape of a ram. An example of the ram is attached as Exhibit E. The ram is similarly shaped to the samples provided in Plaintiff's WoolFelt Motifs, Exhibit C, and is confusingly similar to the Plaintiff's "sheep" design attached hereto in Exhibit D.

20. On March 18, 2004, Plaintiff obtained a copyright application (Reg. No. TX 5-859-233) for "Boiled Woolfelt Instructions." A copy of the Copyright Registration and the deposited materials are attached as Exhibit F.

21. On March 18, 2004, Plaintiff obtained a copyright registration (Reg. No. TX 5-869-234) for "Franny's Features," detailing various uses and features of the products sold under the "WoolFelt" and "WoolFelt and Design" trademarks. A copy of the Certificate of Registration and the deposited materials are attached as Exhibit G.

22. On information and belief, the Defendant operates a web-site at <www.cpe-felt.com>. The Defendant registered the domain name on or about June 10, 1997.

23. On information and belief, the Defendant has copied at least a portion of the materials included in the copyright applications of Exhibits F and G and displayed the material on their web-site. A copy of the materials available on the above-identified Defendant's web-site is attached as Exhibit H.

24. On information and belief, the Defendant has also used the term "...naturally better" in connection with its "Classic Wool Felt" and "Imperial Wool Felt" trademarks on felt products consisting of wool.

COUNT ONE
UNFAIR COMPETITION
15 U.S.C. Sec. 1125(a)

25. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. Defendant has committed unfair competition under Section 43(a) of the Lanham Act by various acts including, without limitation, offering for sale, selling, promoting and advertising felt products under the trademarks "Classic Wool Felt" and "Imperial Wool Felt" wherein the products of the Defendant are identical to those of the Plaintiff, copying and/or making unauthorized alterations to the Plaintiff's copyrighted materials, and appropriating the Plaintiff's distinctive, non-functional trade dress.

27 Defendant's actions are willful and without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

28. The acts of unfair competition by Defendant have caused and are continuing to cause Plaintiff great and incalculable damage. Unless this Court restrains the Defendant from its unfair trade practices, Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

COUNT TWO

TRADEMARK INFRINGEMENT
15 U.S.C. Sec. 1051

29. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 8 and 14 through 19 of this Complaint as if fully set forth herein.

30. Defendant has infringed Plaintiff's "WoolFelt" and Design trademark (Registration No. 1,385,577) in interstate commerce by various acts, including, without limitation, the offering for sale, selling, promoting and advertising felt products under the trademark "Classic Wool Felt" wherein the products of the Defendant are identical to those of the Plaintiff.

31. Defendant's use of the trademark "Classic Wool Felt" in connection with its products is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

32. Defendant's use of the trademark "Imperial Wool Felt" in connection with its products is without permission or authority or the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

33. Defendant's use of the trademark "Classic Wool Felt" in connection with its products has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark "WoolFelt and Design" and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

34. On information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's, reputation and good will in its federally registered trademark. Plaintiff has no adequate remedy at law.

COUNT THREE
TRADEMARK INFRINGEMENT
15 U.S.C. Sec. 1051

35.     Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 6, 9 through 10 and 14 through 19 of this Complaint as if fully set forth herein.

36.     Defendant has infringed Plaintiff's "WoolFelt" trademark (Registration No. 2,073,811) in interstate commerce by various acts, including, without limitation, the offering for sale, selling, promoting and advertising felt products under the name "Classic Wool Felt" wherein the products of the Defendant are identical to those of the Plaintiff.

37.     Defendant's use of the trademark "Classic Wool Felt" in connection with its products is without permission or authority of the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

38.     Defendant's use of the trademark "Imperial Wool Felt" in connection with its products is without permission or authority or the Plaintiff and said use is likely to cause confusion, to cause mistake and or to deceive.

39.     Defendant's use of trademark "Classic Wool Felt" in connection with its products has been made notwithstanding Plaintiff's well-known and prior established rights in the trademark "WoolFelt" and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. 1072.

40.     On information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's, reputation and good will in its federally registered trademark. Plaintiff has no adequate remedy at law.

COUNT FOUR
FALSE DESIGNATION OF ORIGIN
15 U.S.C. Sec. 1125(a)

41.    Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

42.    Upon information and belief, Defendant has used the trademark "Classic Wool Felt" in connection with felt products in interstate commerce. Said use of the trademark "Classic Wool Felt" is a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

43.    Upon information and belief, Defendant has used the trademark "Imperial Wool Felt" in connection with felt products in interstate commerce. Said use of the trademark "Imperial Wool Felt" is a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

44.    Upon information and belief, Defendant has used the trademark "…naturally better" in connection with felt products in interstate commerce. Said use of the trademark "…naturally better" is a false designation of origin, a false or misleading description and representation of fact that is likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

45.    Upon information and belief, Defendant has used the "ram" design, Exhibit E, in connection with the sale and promotion of its goods. Said use of ram design is a false designation of origin, a false or misleading description and representation of fact that is

likely to cause confusion and to cause mistake and to deceive as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's products as commercial activities of the Plaintiff.

46. Upon information and belief, Defendant's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and good will in its "Woolfelt" trademark, its "WoolFelt and Design" trademark, and its other unregistered trademarks. Plaintiff has no adequate remedy at law.

COUNT FIVE
TRADE DRESS INFRINGEMENT
15 U.S.C. Sec. 1125(a)

47. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs 1 through 19 of this Complaint as if fully set forth herein.

48. Plaintiff has established Trade Dress rights to the non-functional appearance and arrangement of the packaging, advertising and other marketing materials of its products.

49. As of the date of filing of this Complaint, Plaintiff is actively engaged in expanding its use of the trade dress in connection with felt products in interstate commerce throughout the United States, including the States of Massachusetts and South Carolina.

50. Defendant has infringed Plaintiff's Trade Dress in interstate commerce by various acts, including, without limitation, the offering for sale, selling, promoting and advertising felt products using, *inter alia*, packaging, and advertisements and promotional materials, wherein the products of the Defendant are substantially identical to those of the Plaintiff.

51. On information and belief, Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Plaintiff's reputation and good will in its trade dress. Plaintiff has no adequate remedy at law.

COUNT SIX
COPYRIGHT INFRINGEMENT
17 U.S.C. Sec. 101

52. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 4, 20, and 22 through 23 above.

53. Plaintiff created The Boiled Woolfelt® Instructions identified in Exhibit F on or about August 19, 1999.

54. On or about March 17, 2004, Plaintiff complied in all respects with the requirements of the Copyright Act, and obtained Copyright Registration TX 5-869-233 on the materials for The Boiled Woolfelt® Instructions. The Copyright Registration and associated materials are attached as Exhibit F.

55. From the time of its creation Plaintiff was, and still is, the owner of the Copyright for The Boiled Woolfelt® Instructions, Exhibit F.

56. Defendants have infringed Plaintiff's Copyrights in the The Boiled Woolfelt® Instructions identified in Exhibit F by virtue of the Defendant's unauthorized modification of Plaintiff's Boiled Woolfelt® Instructions and distribution of the materials identified in Exhibit H, all in violation of Title 17 of the United States Code.

57. The specific acts of copyright infringement alleged above as well as the Defendants' entire course of conduct have caused and are causing great and incalculable damage to Plaintiff. Unless this Court restrains the Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury and harm for which he has no adequate remedy at law.

COUNT SEVEN
COPYRIGHT INFRINGEMENT
17 U.S.C. Sec. 101

58. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1 through 4 and 21 through 23 above.

59. Plaintiff created the materials identified as "Franny's Features" in Exhibit G on or about August 19, 1999.

60. On or about March 16, 2004, Plaintiff complied in all respects with the requirements of the Copyright Act, and obtained Copyright Registration TX 5-869-234 for the materials titled "Franny's Features", Exhibit G.

61. From the time of its creation Plaintiff was, and still is, the owner of the Copyright for "Franny's Features", Exhibit G.

62. By virtue of the unauthorized modification and distribution of Plaintiff's "Franny's Features", Defendants have infringed Plaintiff's Copyrights in the "Franny's Features," all in violation of Title 17 of the United States Code.

63. The specific acts of copyright infringement alleged above as well as the Defendants' entire course of conduct have caused and are causing great and incalculable damage to Plaintiff Direct Results. Unless this Court restrains the Defendants from committing further acts of copyright infringement, Plaintiff will suffer irreparable injury and harm for which he has no adequate remedy at law.

COUNT EIGHT
UNFAIR METHODS OF COMPETITION
Mass. Gen. Laws, Title XV, Ch. 93(a)

64. Plaintiff repeats and realleges each of the allegations contained in Paragraphs 1-53 above.

65. By virtue of Defendant's unfair competition, infringement of Plaintiff's trademarks, false designations of origin, infringement of trade dress, and copyright infringement, Defendant has violated the Massachusetts General Laws, Chapter XV, Section 93(a) for Unfair Methods of Competition.

66. The unfair trade practices by the Defendant have caused and are continuing to cause Plaintiff great and incalculable damage. Unless this Court restrains the Defendant from its unfair trade practices, the Plaintiff will suffer irreparable injury and harm for which it has no adequate remedy at law.

## **Relief Requested**

WHEREFORE, Plaintiff prays that:

1. Defendants, its agents, servants, employees and all persons acting under its permission and authority, be enjoined and restrained from:

    (A) committing unfair competition through the use of Plaintiff's trademarks, trade dress, and copyrighted materials;

    (B) infringing Plaintiff's registered "WoolFelt" and "WoolFelt" and Design trademarks by using the mark on similar products;

    (C) infringing Plaintiff's trade dress;

    (D) falsely designating the origin of its cleaning solution by applying Plaintiff's trademarks to containers, packaging and other promotional materials for the Defendant's goods;

    (E) infringing Plaintiff's copyrighted materials; and

    (F) violating state unfair methods of competition laws.

2. Defendant be ordered to account to Plaintiff for Defendant's profits and the actual damages suffered by the Plaintiff and that the Defendant pay damages pursuant to applicable law for:

    (A) committing unfair trade practices;

    (B) infringing Plaintiff's trademarks;

    (C) infringing Plaintiff's trade dress;

    (D) misrepresenting the source or origin of the Defendant's goods;

    (E) infringing Plaintiff's copyrighted materials; and

(F) committing unfair methods of competition by using Plaintiff's trademarks in conjunction with Defendant's identical product;

3. Plaintiff's award be trebled on account of the Defendant's willful and intentional conduct;

4. Defendant be ordered to pay Plaintiff's costs and reasonable attorney's fees;

5. Defendant be directed to use its best efforts to recall from the trade and other third parties any and al infringing products and any marketing, advertising and promotional materials used in connection therewith;

6. Defendant be directed to deliver up to the Plaintiff for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing products and any promotional, marketing, advertising, and promotional materials used in connection therewith, now or hereafter in its possession, custody or control; and

7. Plaintiff be granted further relief as the Court sees just.

Respectfully submitted,
National Nonwovens, Inc.
By Their Attorney

Date: May 26, 2004

Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

13

## CERTIFICATE OF SERVICE

     I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this _26th_ day of _May_, 2004 to all counsel of record for each party.

                                          _/s/ Arthur F. Dionne_
                                          Arthur F. Dionne, Esq.