UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>CONSUMER PRODUCTS ENTERPRISES, )<br>INC., )<br>  Defendant. ) | **DEFENDANT'S RESPONSE TO<br>PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES** |

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1, the defendant Consumer Products Enterprises, Inc. responds to the plaintiff National Nonwovens, Inc.'s First Set of Interrogatories to Defendant as follows:

**GENERAL OBJECTIONS**

The following general objections are hereby incorporated into each of the responses to interrogatories set forth below:

A. The Defendant objects to the Plaintiff's first set of Interrogatories to the extent that (1) they are unclear, vague or ambiguous; (2) they are overly broad, unduly burdensome or indefinite in scope; or (3) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not within the scope of Federal Rule of Civil Procedure 26(b)(1).

B. The Defendant objects to each and every interrogatory that is phrased in the nature of a question to set forth "all" information. Interrogatories that seek detailed descriptions or exhaustive lists representing the complete basis upon which Plaintiff will rely in support of its claims or allegations are vague, ambiguous, overly broad, unduly burdensome and premature. Moreover, such interrogatories call for legal conclusions that the Defendant is not qualified to

opinions of counsel as communicated to the Defendant concerning the relationships between various facts and various legal theories, and the Defendant therefore objects to answering these interrogatories.

    C.    The firm of Bulkley, Richardson and Gelinas, LLP has conducted interviews and communicated with the Defendant and others for the purpose of rendering legal services relating to this action. Such communications and related documents are subject to the attorney-client privilege or constitute litigation or trial preparation material. The Defendant objects to these interrogatories to the extent that they seek communications and related documents that are subject to the attorney-client privilege or that constitute litigation, public hearing or trial preparation materials subject to the provisions of Federal Rule of Civil Procedure 26(b)(3) for which the Plaintiff has no substantial need in the preparation of its case and of which the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means.

## RESPONSE TO INTERROGATORIES

**Interrogatory 1.**    Identify all corporate officers and directors of Defendant.

**Response:**

### Directors

| | | |
|---|---|---|
| Denis Brown | John L. Pugh | Jerry Wethington |
| Two Midtown Plaza | 541 Buffalo/Springs Hwy | Two Midtown Plaza |
| 1360 Peachtree St. | Union, SC 29379 | 1360 Peachtree St. |
| Suite 1430 | 847-427-7900 | Suite 1430 |
| Atlanta, GA 30309 | | Atlanta, GA 30309 |
| 404-873-2166 | | 404-873-2166 |

**Officers**

| | | |
|---|---|---|
| Richard Carr | Joey Duncan | Rocky Mankins |
| Vice-President, Sales | Vice-President, Operations | Vice-President, Finance |
| 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy |
| Union, SC 29379 | Union, SC 29379 | Union, SC 29379 |
| 864-427-7900 | 864-427-7900 | 864-427-7900 |

John L. Pugh
CEO
541 Buffalo/Springs Hwy
Union, SC 29379
847-427-7900

Jerry Wethingon
Chairman of the Board
Two Midtown Plaza
1360 Peachtree St.
Suite 1430
Atlanta, GA 30309
404-873-2166

**Interrogatory 2.**   Identify the state in which the Defendant is incorporated.

**Response:**   Georgia

**Interrogatory 3.**   Identify all persons with knowledge of the adoption and/or use of the trademark "Classic Wool Felt" by Defendant.

**Response:**

| | | |
|---|---|---|
| Jeff Berline | Ellie Joos | Angela Robertson |
| Former President, CPE | Former Marketing | Former National Accounts |
| 1140 Woodburn | Consultant, CPE | Manager, CPE |
| Spartanburg, SC 29302 | 1220 Hope Bridgeville Rd. | 502 Whitney Rd. |
| 864-585-5563 | Blairstown, NJ 07825 | Union, SC 29379 |
| | 908-459-9269 | 864-429-3819 |

Billy Liner
Graphic Artist, CPE
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

**Interrogatory 4.**   Identify all persons with knowledge of the adoption and/or use of the trademark "Imperial Wool Felt" by Defendant.

**Response:**   The Defendant refers the Plaintiff to the Response to Interrogatory 3, above.

**Interrogatory 5.**   Identify all persons with knowledge of the adoption and/or use of the Defendant's "ram" design by Defendant.

**Response:**   The Defendant refers the Plaintiff to the Response to Interrogatory 3, above.

**Interrogatory 6.**   State the date of first use of the trademark "Classic Wool Felt" by the Defendant.

**Response:**   September 2003

**Interrogatory 7.**   State the date of first use of the trademark "Imperial Wool Felt" by the Defendant.

**Response:**   October 2003

**Interrogatory 8.**   State the date of first use of the Defendant's "ram" design by the Defendant.

**Response:**   September 2003

**Interrogatory 9.**   Identify all persons and/or entities that have purchased the product "Classic Wool Felt" from the Defendant.

**Objection:**   This interrogatory is vague and ambiguous with regard to "all persons and/or entities." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all persons and/or entities." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:**   The Defendant states that the identity of all persons and/or entities that have purchased the product "Classic Wool Felt" from the Defendant is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 10.** Identify all persons and/or entities that have purchased the product "Imperial Wool Felt" from the Defendant.

**Objection:** This interrogatory is vague and ambiguous with regard to "all persons and/or entities." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all persons and/or entities." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:** The Defendant states that the identity of all persons and/or entities that have purchased the product "Imperial Wool Felt" from the Defendant is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 11.** State whether any investigations or searches were conducted by Defendant or its attorneys to determine whether the trademarks "Classic Wool Felt" and/or "Imperial Wool Felt" were available for use by the Defendant, and, if so, identify each such search or investigation.

**Response:** Billy Liner, a graphic artist employed by the Defendant, searched the United States Patent and Trademark Office's online database in the summer of 2003.

**Interrogatory 12.** Identify the goods sold under the trademarks "Classic Wool Felt" and "Imperial Wool Felt."

**Response:**

| **"Classic Wool Felt"** | **"Imperial Wool Felt"** |
|---|---|
| 36" x 10 Yard Bolts | 31" x 4 Yard Bolts |
| Fat Quarter – Individuals | Fat Quarter – Individuals |
| Fat Quarter – Bundles | Fat Quarter – Bundles |
| 9" x 12" Assortments | 10" x 10" Assortments |
| | 5" x 5" Assortments |

**Interrogatory 13.** For each of the goods identified in response to Interrogatory No. 12, set

**Objection:** This interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "each of the goods." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:** The Defendant states that the dollar amount of sales of said goods to date is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 14.** State when Defendant first became aware of Plaintiff's trademark "WOOLFELT."

**Response:** Summer of 2003 (exact date unknown).

**Interrogatory 15.** Identify all documents that make reference to the Plaintiff.

**Objection:** This interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all documents." Further, this interrogatory seeks information falling within the scope of the attorney-client or attorney work product privileges. Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:** The following documents make reference to the Plaintiff:

- Newspaper article from Sunday, August 20, 19__ (year unknown), with the headline "Weaving a comeback;"
- National Felt Company, Inc. marketing brochure titled "Acrylic & Wool Felts;"
- National Nonwovens, Inc. 2003 pricelist;
- Correspondence from Arthur F. Dionne to Jeffrie B. Berline, dated November 10, 2003;

- Correspondence from Thomas W. Epting to Arthur F. Dionne, dated November 21, 2003; and

- Correspondence from Thomas W. Epting to Arthur F. Dionne, dated December 8, 2003.

**Interrogatory 16.**   State whether any investigations or searches were conducted by Defendant or its attorneys to determine whether the Defendant's "ram" design was available for use by the Defendant, and, if so, identify each such search or investigations.

**Response:**   No investigations or searches were conducted by Defendant or its attorneys to determine whether the Defendant's "ram" design was available for use by the Defendant.

**Interrogatory 17.**   Identify all trademarks and trade names used by Defendant in the advertising or sale of any and all products made, and/or sale of any and all products made new/or sold by the Defendant.

**Objection:**   This interrogatory seeks information that cannot lead to discoverable information and is vague and ambiguous with regard to "all trademarks and trade names ... of any and all products made, and/or sale of any and all products made new/or sold." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all trademarks and trade names ... of any and all products made, and/or sale of any and all products made new/or sold."

**Interrogatory 18.**   Identify each person who participated in or supplied information used in answering any of the above interrogatories.

**Response:**

| Richard Carr | Joey Duncan | Billy Liner |
| Vice-President, Sales | Vice-President, Operations | Graphic Artist |
| 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy |
| Union, SC 29379 | Union, SC 29379 | Union, SC 29379 |
| 864-427-7900 | 864-427-7900 | 864-427-7900 |

Rocky Mankins
Vice-President, Finance
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

John L. Pugh
CEO
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

Respectfully submitted,
CONSUMER PRODUCTS
ENTERPRISES, INC.
By Its Attorneys:

Dated: August 6, 2004

*/s/ James C. Duda*
James C. Duda
BBO No. 551207
Joshua P. Grey
BBO No. 650544
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com
jgrey@bulkley.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC.,<br>Plaintiff, | )<br>)<br>) |
| v. | ) **DEFENDANT'S RESPONSE TO**<br>) **PLAINTIFF'S SECOND SET OF** |
| CONSUMER PRODUCTS ENTERPRISES,<br>INC.,<br>Defendant. | ) **INTERROGATORIES**<br>)<br>)<br>) |

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1, Defendant Consumer Products Enterprises, Inc. responds to Plaintiff National Nonwovens, Inc.'s Second Set of Interrogatories to Defendant as follows:

## GENERAL OBJECTIONS

The following general objections are hereby incorporated into each of the responses to interrogatories set forth below:

A. Defendant objects to Plaintiff's second set of Interrogatories to the extent that (1) they are overly broad, unduly burdensome or indefinite in scope; (2) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not within the scope of Federal Rule of Civil Procedure 26(b)(1); or (3) they seek information that is proprietary.

B. Defendant objects to each and every interrogatory that is phrased in the nature of a question to set forth "all" information. Interrogatories that seek detailed descriptions or exhaustive lists representing the complete basis upon which Plaintiff will rely in support of its claims or allegations are vague, ambiguous, overly broad, unduly burdensome and premature. Additionally, the interrogatories cannot be answered without disclosing the confidential opinions

of counsel as communicated to Defendant concerning the relationships between various facts and various legal theories, and Defendant therefore objects to answering these interrogatories.

## RESPONSE TO INTERROGATORIES

**Interrogatory 1.** Identify all employees of Hancock Fabrics of Tupelo, Mississippi with whom Defendant or any employee of Defendant has communicated with during the period of January 1, 2002 to date.

**Objection:** This interrogatory is overly broad, unduly burdensome and indefinite in scope. Further, this interrogatory seeks information that is irrelevant to this litigation and is not reasonably calculated to lead to the discovery of admissible evidence. In addition, this interrogatory seeks information that is proprietary.

**Interrogatory 2.** Identify all products offered for sale by Defendant during the period from January 1995 to September 2003.

**Objection:** This interrogatory is overly broad, unduly burdensome and indefinite in scope. This interrogatory seeks information that is irrelevant in that it seeks information for a time period not covered under the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Defendant responds as follows:

**Response:** To the extent that this interrogatory seeks relevant and discoverable information, Defendant states that it has provided said information in its Response to Plaintiff's First Set of Interrogatories.

**Interrogatory 3.** Identify all products offered for sale by Defendant during the period September 2003 to date.

**Objection:** This interrogatory is overly broad, unduly burdensome and indefinite in scope. Further, this interrogatory seeks information that is irrelevant to the extent that it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Defendant responds as follows:

**Response:** To the extent that this interrogatory seeks relevant and discoverable information, Defendant states that it has provided said information in its Response to Plaintiff's First Set of Interrogatories.

Dated: October 18, 2004

Respectfully submitted,
CONSUMER PRODUCTS
ENTERPRISES, INC.
By Its Attorneys:

James C. Duda
BBO No. 551207
Joshua P. Grey
BBO No. 650544
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com
jgrey@bulkley.com

### CERTIFICATE OF SERVICE

I, James C. Duda, attorney for Defendants in this matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on October 18, 2004.

James C. Duda