UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CONSUMER PRODUCTS ENTERPRISES, )<br>INC., )<br>    Defendant. ) | **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, the defendant Consumer Products Enterprises, Inc. responds to the plaintiff National Nonwovens, Inc.'s First Request for Production of Documents as follows and states that it will produce responsive documents at the office of Defendant's counsel, subject to the objections set forth below, at a mutually agreeable date and time:

**GENERAL OBJECTIONS**

The following general objections are hereby incorporated into each of the responses to interrogatories set forth below:

A. The Defendant objects to the Plaintiff's First Request for Production of Documents to the extent that (1) they are unclear, vague or ambiguous; (2) they are overly broad, unduly burdensome or indefinite in scope; or (3) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not within the scope of Federal Rule of Civil Procedure 26(b)(1).

B. The firm of Bulkley, Richardson and Gelinas, LLP has conducted interviews and communicated with the Defendant and others for the purpose of rendering legal services relating to this action. Such communications and related documents are subject to the attorney-client

EXHIBIT

requests to the extent that they seek documents that are subject to the attorney-client privilege or that constitute litigation, public hearing or trial preparation materials subject to the provisions of Federal Rule of Civil Procedure 26(b)(3) for which the Plaintiff has no substantial need in the preparation of its case and of which the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means.

## RESPONSE TO REQUESTS FOR PRODUCTION

**Request 1.**   All documents that refer or relate to or evidence the adoption and/or use of the trademark "Classic Wool Felt."

   **Objection:**   The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

   **Response:**   Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 2.**   All documents that refer or relate to or evidence the adoption and/or use of the trademark "Imperial Wool Felt."

   **Objection:**   The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

   **Response:**   Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 3.**   All documents that refer or relate to or evidence the adoption and/or use of the Defendant's "ram" design.

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 4.** All documents that refer or relate to or evidence products sold under the trademark "Classic Wool Felt."

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 1, above.

**Request 5.** All documents that refer or relate to or evidence products sold under the trademark "Imperial Wool Felt."

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 2, above.

**Request 6.** All documents that refer or relate to or evidence products sold under the Defendant's "ram" design.

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 3, above.

**Request 7.** All documents that refer or relate to or evidence any advertising or informational material using the trademark "Classic Wool Felt."

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 1, above.

**Request 8.** All documents that refer or relate to or evidence any advertising or informational material using the trademark "Imperial Wool Felt."

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 2, above.

**Request 9.** All documents that refer or relate to or evidence any advertising or informational material using the Defendant's "ram" design.

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 3, above.

**Request 10.** All documents that refer or relate to the Plaintiff and/or any employee of the Plaintiff.

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 11.**  All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's trademark "Classic Wool Felt" and Plaintiff's trademark "WOOLFELT."

**Response:**  The Defendant does not have any discoverable documents reasonably identifiable as responsive to this request in its possession, custody or control.

**Request 12.**  All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's trademark "Imperial Wool Felt" and Plaintiff's trademark "WOOLFELT."

**Response:**  The Defendant does not have any discoverable documents reasonably identifiable as responsive to this request in its possession, custody or control.

**Request 13.**  All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's "ram" design and Plaintiff's "Sheep" design.

**Response:**  The Defendant does not have any discoverable documents reasonably identifiable as responsive to this request in its possession, custody or control.

**Request 14.**  All labels, markers, tags and the like that display Defendant's trademark "Classic Wool Felt."

**Objection:**  The Defendant objects to this request as vague, overly broad, and unduly burdensome.  Without waiving those objections, the Defendant responds as follows:

**Response:**  The Defendant refers the Plaintiff to the Response to Request 1, above.

**Request 15.**  All labels, markers, tags and the like that display Defendant's trademark "Imperial Wool Felt."

**Objection:**  The Defendant objects to this request as vague, overly broad, and unduly burdensome.  Without waiving those objections, the Defendant responds as follows:

**Response:**  The Defendant refers the Plaintiff to the Response to Request 2, above.

**Request 16.**  All labels, markers, tags and the like that display Defendant's "ram" design.

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 3, above.

**Request 17.** All documents that refer or relate to or evidence the fact that the public believes that Plaintiff's trademark "WOOLFELT" has become generic.

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means. Further, the Defendant objects on the basis that the request assumes facts not proven. The Defendant asserts, as it did in its Answer and Counterclaim, that the term "wool felt" is and always has been a generic term. To the extent WOOLFELT has a similar meaning for trademark purposes to the term "wool felt," the Defendant asserts that WOOLFELT is and always has been a generic term.

**Request 18.** All documents that refer or relate to or evidence that Plaintiff has abandoned the trademark "WOOLFELT."

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 19.** All documents that refer or relate to or evidence that Plaintiff committed fraud in obtaining and maintaining Plaintiff's "WOOLFELT" trademarks.

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 20.** All documents that refer or relate to or evidence Plaintiff's use of the "WOOLFELT" trademarks in violation of the anti-trust laws of the United States.

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time. The Defendant also refers the Plaintiff to the Answer and Counterclaim filed in this matter.

**Request 21.** All documents that refer or relate to or evidence that Plaintiff has engaged in unfair and deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A.

**Objection:** The Defendant objects to this request as vague, overly broad, unduly burdensome, and on the basis that it requests documents that the Plaintiff is able without undue

hardship to obtain the substantial equivalent by other means. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time. The Defendant also refers the Plaintiff to the Answer and Counterclaim filed in this matter.

**Request 22.** All documents that refer or relate to or evidence damage suffered by the Defendant as a result of Plaintiff's alleged unfair and deceptive acts or practices.

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** Subject to the foregoing objections, the Defendant will permit the inspection and copying of discoverable documents, if any, reasonably identifiable as responsive to this request in its possession, custody or control, at the offices of Defendant's counsel at a mutually agreeable date and time.

**Request 23.** All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Classic Wool Felt."

**Objection:** The Defendant objects to this request to the extent that it seeks information protected from disclosure as confidential, trade secrets, proprietary or commercially sensitive information. Further, the Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 1, above.

**Request 24.** All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Imperial Wool Felt."

**Objection:** The Defendant objects to this request to the extent that it seeks information protected from disclosure as confidential, trade secrets, proprietary or commercially sensitive information. Further, the Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 2, above.

**Request 25.** All documents that refer or relate to or evidence sales of products under the Defendant's "ram" design.

**Objection:** The Defendant objects to this request to the extent that it seeks information protected from disclosure as confidential, trade secrets, proprietary or commercially sensitive information. Further, the Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 3, above.

**Request 26.** All documents that refer or relate to or evidence any variations of the Defendant's "ram" design."

**Objection:** The Defendant objects to this request as vague, overly broad, and unduly burdensome. Without waiving those objections, the Defendant responds as follows:

**Response:** The Defendant refers the Plaintiff to the Response to Request 3, above.

**Request 27.** All documents that refer or relate to or evidence any searches or investigations identified in Plaintiff's First Set Of Interrogatories To Defendant, Interrogatory 11 and Interrogatory 17.

**Response:** The Defendant does not have any discoverable documents reasonably identifiable as responsive to this request in its possession, custody or control.

Dated: August 6, 2004

Respectfully submitted,
CONSUMER PRODUCTS
ENTERPRISES, INC.
By Its Attorneys:

James C. Duda
BBO No. 551207
Joshua P. Grey
BBO No. 650544
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com
       jgrey@bulkley.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| CONSUMER PRODUCTS ENTERPRISES, INC., <br> Defendant. | ) <br> ) <br> ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the following documents were served upon Arthur F. Dionne, Esq., of McCormick, Paulding & Huber, LLP, 1350 Main Street, Springfield, MA 01103, by first class mail on August 6, 2004:

1. Defendant's Response to Plaintiff's First Set of Interrogatories

2. Defendant's Response to Plaintiff's First Request for Production of Documents

_____
Joshua P. Grey, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., ) | |
|    Plaintiff, ) | |
| ) | **DEFENDANT'S RESPONSE TO** |
| v. ) | **PLAINTIFF'S SECOND** |
| ) | **REQUEST FOR PRODUCTION** |
| CONSUMER PRODUCTS ENTERPRISES, ) | **OF DOCUMENTS** |
| INC., ) | |
|    Defendant. ) | |

Pursuant to Federal Rule of Civil Procedure 34 and Local Rule 34.1, Defendant Consumer Products Enterprises, Inc. responds to Plaintiff National Nonwovens, Inc.'s Second Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

The following general objections are hereby incorporated into each of the responses to interrogatories set forth below:

A.    Defendant objects to Plaintiff's Second Request for Production of Documents to the extent that (1) they are overly broad, unduly burdensome or indefinite in scope; (2) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not within the scope of Federal Rule of Civil Procedure 26(b)(1); or (3) they seek information that is proprietary.

B.    The firm of Bulkley, Richardson and Gelinas, LLP has conducted interviews and communicated with Defendant and others for the purpose of rendering legal services relating to this action. Such communications and related documents are subject to the attorney-client privilege or constitute litigation or trial preparation material. Defendant objects to these requests to the extent that they seek documents that are subject to the attorney-client privilege or that

Federal Rule of Civil Procedure 26(b)(3) for which Plaintiff has no substantial need in the preparation of its case and of which Plaintiff is able without undue hardship to obtain the substantial equivalent by other means.

### RESPONSE TO REQUESTS FOR PRODUCTION

**Request 1.** All documents received from and/or sent to Hancock Fabrics of Tupelo, Mississippi during the period January 1, 2002 to date.

**Objection:** This request is overly broad, unduly burdensome and indefinite in scope. Further, this request seeks documents that are proprietary. This request also is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request 2.** All documents that describe products offered for sale by Defendant during the period January 1995 to September 2003.

**Objection:** This request is overly broad, unduly burdensome and indefinite in scope. Further, this requests seeks documents that are proprietary. This request also is irrelevant in that it seeks documents for a time period not covered under the subject matter of the pending action and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Defendant responds as follows:

**Response:** To the extent that this request seeks relevant and discoverable documents, Defendant states that it has provided said documents in its Response to Plaintiff's First Request for Production of Documents.

**Request 3.** All documents that describe products offered for sale by Defendant during the period September 2003 to date.

**Objection:** This request is overly broad, unduly burdensome and indefinite in scope. This requests also is irrelevant in that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the Defendant responds as follows:

**Response:** To the extent that this request seeks relevant and discoverable documents, Defendant states that it has provided said documents in its Response to Plaintiff's First Request for Production of Documents.

Dated: October 18, 2004

Respectfully submitted,
CONSUMER PRODUCTS
ENTERPRISES, INC.
By Its Attorneys:

James C. Duda
BBO No. 551207
Joshua P. Grey
 BBO No. 650544
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com
       jgrey@bulkley.com

## CERTIFICATE OF SERVICE

I, James C. Duda, attorney for Defendants in this matter, hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on October 18, 2004.

James C. Duda