UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACUSETTS

| | |
|---|---|
| NATIONAL NONWOVENS, INC., )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CONSUMER PRODUCTS ENTERPRISES, INC., )<br>)<br>Defendant ) | Civil Action No. 04-30078-MAP |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 34 of the Federal Rules of Civil Procedure and Local Rules of the United States District court for the District of Massachusetts, Plaintiff National Nonwovens, Inc. ("NNI"), by its attorneys, request that Defendant Consumer Products Enterprises, Inc. ("CPE") produce the following documents and things within thirty (30) days of service hereof or at such other time as the parties may agree upon. The documents and things are to be produced at the offices of McCormick, Paulding & Huber, LLP, 1350 Main Street, Springfield, Massachusetts 01103.

These Requests shall be deemed to be continuing, and it is requested that CPE supplement its production as required by Rule 26(e) of the Federal Rules of Civil Procedure. In addition, these Requests are separate and apart from any mandatory disclosure requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Massachusetts.

### DEFINITIONS AND INSTRUCTIONS

A. The term "Plaintiff" refers to National Nonwovens, Inc.

B. The term "Defendant" refers to Consumer Products Enterprises, Inc. and any corporate parent, subsidiaries, or affiliates thereof, and the officers, directors,

1

principals, employees, partners agents and representatives of any of the forgoing entities.

C. The term "Plaintiff's 'sheep' design" refers to the "sheep" designs shown in Exhibit D of Plaintiff's Amended Complaint.

D. The term "Defendant's 'ram' design" refers to the "ram" design shown in Exhibit E of Plaintiff's Amended Complaint.

E. Please refer to Local Rule 33.1(E) of the United States District Court for the District of Massachusetts for instructions concerning the assertion of a privilege in responding to these Requests.

F. The Uniform Definitions in Discovery Requests contained in Local Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts shall apply and are hereby incorporated by reference.

## DOCUMENTS REQUESTED

1. All documents that refer or relate to or evidence the adoption and/or use of the trademark "Classic Wool Felt".

2. All documents that refer or relate to or evidence the adoption and/or use of the trademark "Imperial Wool Felt".

3. All documents that refer or relate to or evidence the adoption and/or use of the Defendant's "ram" design.

4. All documents that refer or relate to or evidence products sold under the trademark "Classic Wool Felt".

5. All documents that refer or relate to or evidence products sold under the trademark "Imperial Wool Felt".

2

6. All documents that refer or relate to or evidence products sold under the Defendant's "ram" design.

7. All documents that refer or relate to or evidence any advertising or informational material using the trademark "Classic Wool Felt".

8. All documents that refer or relate to or evidence any advertising or informational material using the trademark "Imperial Wool Felt".

9. All documents that refer or relate to or evidence any advertising or informational material using the Defendant's "ram" design.

10. All documents that refer or relate to the Plaintiff and/or any employee of the Plaintiff.

11. All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's trademark "Classic Wool Felt" and Plaintiff's trademark "WOOLFELT".

12. All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's trademark "Imperial Wool Felt" and Plaintiff's trademark "WOOLFELT".

13. All documents that refer or relate to or evidence consumer mistake or confusion between Defendant's "ram" design and Plaintiff's "Sheep" design.

14. All labels, markers, tags and the like that display Defendant's trademark "Classic Wool Felt".

15. All labels, markers, tags and the like that display Defendant's trademark "Imperial Wool Felt".

16. All labels, markers, tags and the like that display Defendant's "ram" design.

17. All documents that refer or relate to or evidence the fact that the public believes that Plaintiff's trademark "WOOLFELT" has become generic.

18. All documents that refer or relate to or evidence that Plaintiff has abandoned the trademark "WOOLFELT".

19. All documents that refer or relate to or evidence that Plaintiff committed fraud in obtaining and maintaining Plaintiff's "WOOLFELT" trademarks.

20. All documents that refer or relate to or evidence Plaintiff's use of the "WOOLFELT" trademarks in violation of the anti-trust laws of the United States.

21. All documents that refer or relate to or evidence That Plaintiff has engaged in unfair and deceptive acts or practices in violation of Massachusetts General Laws, Chapter 93A.

22. All documents that refer or relate to or evidence damage suffered by the Defendant as a result of Plaintiff's alleged unfair and deceptive acts or practices.

23. All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Classic Wool Felt".

24. All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Imperial Wool Felt".

25. All documents that refer or relate to or evidence sales of products under the Defendant's "ram" design.

26. All documents that refer or relate to or evidence any variations of the Defendant's "ram" design.

27. All documents that refer or relate to or evidence any searches or investigations identified in Plaintiff's First Set Of Interrogatories To Defendant, Interrogatory 11 and Interrogatory 17.

                                      Respectfully submitted,

                                      National Nonwovens, Inc.
                                      By Their Attorney

Date: July 13, 2004

                                      Arthur F. Dionne
                                      BBO No. 125,760
                                      J. Kevin Grogan
                                      BBO No. 635,089
                                      McCormick, Paulding & Huber LLP
                                      1350 Main Street, 5th Floor
                                      Springfield, Massachusetts 01103
                                      Tel. (413) 736-5401
                                      Fax (413) 733-4543

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 13th day of July, 2004 to all counsel of record for each party.

                                      Arthur F. Dionne