# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL NONWOVENS, INC. )
)
Plaintiff )
)
v. ) Civil Action No.: 04-30078-MAP
)
CONSUMER PRODUCTS ENTERPRISES, INC. )
)
)
Defendant )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

In accordance with Federal Rule of Civil Procedure 33 and Local Rule 33.1, Plaintiff National Nonwovens, Inc. responds to the Defendant Consumer Products Enterprises, Inc.'s First Set of Interrogatories as follows:

## GENERAL OBJECTIONS

The following general objections are hereby incorporated into each of the responses to Requests for Production set forth below:

A.    The Plaintiff objects to the Defendant's First Set Of Interrogatories to the extent that (1) they are unclear, vague, or ambiguous; (2) they are overly broad, unduly burdensome or indefinite in scope; or (3) they seek information that is not relevant to the subject matter of the pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not within the scope of Federal Rule of Civil Procedure 26(b)(1).

B.    The Plaintiff objects to each and every interrogatory that is phrased in the nature of a question to set forth "all" information. Interrogatories that seek detailed descriptions or exhaustive lists representing the complete basis upon which Defendant will rely in support of its defenses or claims or allegations are vague, ambiguous, overly broad, unduly burdensome and premature. Moreover, such interrogatories call for legal conclusions that the Plaintiff is not qualified to render. Additionally, the interrogatories cannot be answered without disclosing the confidential opinions of counsel as communicated to the Plaintiff concerning the relationships between various facts and various legal theories, and the Plaintiff therefore objects to answering these interrogatories.

C.    The firm of McCormick, Paulding & Huber LLP has conducted interviews and communicated with the Plaintiff and others for the purpose of rendering legal services relating to this action. Such communications and related documents are subject

1

to the attorney-client privilege or constitute litigation or trial preparation material. The Plaintiff objects to these Interrogatories to the extent that they seek communications and related documents that are subject to the attorney-client privilege or that constitute litigation, public hearing or trial preparation materials subject to the provisions of Federal rule of Civil Procedure 26(b)(3) for which the Defendant has no substantial need in the preparation of its case and of which the Defendant is able without undue hardship to obtain the substantial equivalent by other means.

## RESPONSES TO INTERROGATORIES

**Interrogatory 1.** Please identify the individual answering these interrogatories and the individuals whom assisted or participated in answering or who furnished information used to answer these interrogatories on behalf of Plaintiff, including his or her name, and relation to Plaintiff.

**Response:**

Anthony J. Centofanti
National Nonwovens, Inc.
180 Pleasant Street
Easthampton, MA 01027
President

Michalina A. Caentofanti
National Nonwovens, Inc.
180 Pleasant Street
Easthampton, MA 01027
Vice President

**Interrogatory 2.** Identify all corporate officers and directors of Plaintiff.

**Response:**

Anthony J. Centofanti
National Nonwovens, Inc.
180 Pleasant Street
Easthampton, MA 01027
President

Michalina A. Centofanti
National Nonwovens, Inc.
180 Pleasant Street
Easthampton, MA 01027
Vice President

William Spencer
National Nonwovens, Inc.
180 Pleasant Street
Easthampton, MA 01027
Vice President

**Interrogatory 3.** Identify all persons involved in discussions concerning whether to register, or concerning the registration of, the mark "WOOLFELT" with the United State Patent and Trademark Office.

**Response:** Information not known

**Interrogatory 4.** Identify all persons with knowledge of the use of either the mark "Imperial Wool Felt" or the mark "Classic Wool Felt" to identify any product manufactured, sold, or marketed by Plaintiff.

**Response:** Plaintiff has no knowledge of any person with knowledge of the use of either the mark "Imperial Wool Felt" or the mark "Classic Wool Felt" to identify any product manufactured, sold or marketed by the Plaintiff

2

**Interrogatory 5.** Identify all persons who contributed to the creation of the sheep designs used by Plaintiff.

**Response:** Information not known

**Interrogatory 6.** State the date of first use of the term "wool felt" by Plaintiff in connection with any product marketed or sold by Plaintiff.

**Response:** Information not known.

**Interrogatory 7.** Identify all products that Plaintiff marketed or sold in association with, or identified by, the term "WoolFelt" in 1982, 1983, or 1984.

**Response:** Information not known

**Interrogatory 8.** State the date or dates of first use by Plaintiff of the sheep designs used by Plaintiff.

**Response:** At least as early as July 1982

**Interrogatory 9.** Identify all persons and/or entities that have purchased wool felt from Plaintiff since 1997.

**Objection:** This interrogatory is vague and ambiguous with regard to "all persons and/or entities". Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Plaintiff cannot possibly be expected to respond with regard to "all persons and/or entities". Accordingly, without waiving and subject to the foregoing objection, the Plaintiff responds as follows:

**Response:** The Plaintiff states that the identity of all persons and/or entities that have purchased wool felt products from the Plaintiff is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery.

3

Interrogatory 10.   If different from your response to Interrogatory No. 9, please identify all persons and/or entities that have purchased products identified by the term "WoolFelt" from Plaintiff since 1997.

Objection:   This interrogatory is vague and ambiguous with regard to "all persons and/or entities". Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Plaintiff cannot possibly be expected to respond with regard to "all persons and/or entities". Accordingly, without waiving and subject to the foregoing objection, the Plaintiff responds as follows:

Response:   The Plaintiff states that the identity of all persons and/or entities that have purchased products identified as "WoolFelt" from the Plaintiff since 1997 is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery.

Interrogatory 11.   With respect to wool felt, if any, that Plaintiff has sold since July of 1982 that was not identified as, or sold under the name, "WoolFelt," please:
  i. identify the persons and/or entities to which the wool felt was sold; and
  ii. identify the wool felt products that were sold to each such person or entity.

Objection:   This interrogatory is vague and ambiguous. Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Plaintiff cannot possibly be expected to respond with regard to "persons and/or entities" that may have purchased wool felt products that were not sold under the mark "WoolFelt" since July of 1982. Accordingly, without waiving and subject to the foregoing objection, the Plaintiff responds as follows:

Response:   The Plaintiff states that the information requested in this Interrogatory is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery.

Interrogatory 12.   State whether Plaintiff or its attorneys conducted any investigations or searches to determine whether the term "wool felt" and/or "WoolFelt" and/or "Wool Felt" and/or "Woolfelt" were available for use as a trademark by the Defendant, and, if so, identify each such search or investigation.

Response:   Plaintiff did not conduct any search or investigation to determine whether the term "wool felt" and/or "WoolFelt" and/or "Woolfelt" was available for use by the Defendant

4

Interrogatory 13.  Identify the goods that Plaintiff currently sells or that it has sold under, or identified by, the name "WoolFelt."

Response:  Style Nos. WCF001, WCF002, WCF003, WCF005, TOY002, DOL002, CFP001 and CHN003

Interrogatory 14.  Identify any wool felt products, not identified in your response to the preceding question that Plaintiff has sold.

Response:  Style Nos. DOL001, CHN001 and CHN002

Interrogatory 15.  For each of the goods identified in response to Interrogatory No. 14, set forth the quantity of sales of said goods to date.

Objection:  This interrogatory is vague and ambiguous.

Response  The Plaintiff states that the information requested in this Interrogatory is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery.

Interrogatory 16.  State when Plaintiff claims that it first used the term "WoolFelt," "Woolfelt," "Wool Felt," "woolfelt," or "wool felt" as a trademark.

Objection:  This interrogatory is vague and ambiguous in that it is a multiple part question

Response:  With regard to the mark 'WoolFelt", at least as early as July, 1982. Information unknown with regard to "Woolfelt". "Wool Felt", "woolfelt" and "wool felt"

Interrogatory 17.  State whether Plaintiff or its attorneys conducted any investigations or searches to determine whether any of the sheep designs used by Plaintiff was available for use by Plaintiff, and, if so, identify each such search or investigation.

Response:  No search or investigation was conducted by or on behalf of Plaintiff.

Interrogatory 18.  Please identify all individuals that Plaintiff believes or claims have knowledge of the incident or facts pertinent to allegations contained in the complaint, and state in substance the knowledge you believe or claim each individual has.

Response:  See Response to Interrogatory No. 1

**Interrogatory 19.** Identify all communications, whether oral or written, of which you are aware in which a party expressed that is was, or was likely to be, confused, mistaken, or deceived by the commercial use of the trademarks "Classic Wool Felt" or "Imperial Wool Felt." With respect to each communication that you identified in response to this interrogatory, please identify the persons involved in the communication and the approximate date on which the communication occurred.

**Response:** The Plaintiff states that the information requested in this Interrogatory is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery

**Interrogatory 20.** Identify each party with whom Plaintiff has communicated concerning an assertion, allegation, statement, or claim that the party's use of the term "Woolfelt," "WoolFelt," "Wool Felt," "wool felt," or "woolfelt," alone or in combination with any other words or symbols, constitutes or may constitute a violation of any of Plaintiff s rights in any trademark. With respect to each such communication, please identify the persons involved in the communication and the approximate date on which the communication occurred.

**Objection:** This interrogatory is vague and ambiguous in that it is a multiple part question

**Response:** The Plaintiff states that the information requested in this Interrogatory is proprietary information and constitutes trade secrets not subject to Defendant's current scope of discovery

Respectfully submitted,
National Nonwovens, Inc.
By Their Attorney

Date: *August 16*, 2004

*[signature]*
Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

6

Certificate of Service

I hereby certify that a true copy of the foregoing was ~~mailed, postage prepaid~~ HAND DELIVERED, this 16th day of August, 2004 to all counsel of record for each party.

_____

7