# EXHIBIT H

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | | |
|---|---|---|
| NATIONAL NONWOVENS, INC.,<br>Plaintiff, | ) )<br>) | |
| v. | )<br>) | **DEFENDANT'S RESPONSE TO**<br>**PLAINTIFF'S FIRST SET OF** |
| CONSUMER PRODUCTS ENTERPRISES,<br>INC.,<br>Defendant. | )<br>)<br>) | **INTERROGATORIES** |

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule 33.1, the defendant

Consumer Products Enterprises, Inc. responds to the plaintiff National Nonwovens, Inc.'s First

Set of Interrogatories to Defendant as follows:

## GENERAL OBJECTIONS

The following general objections are hereby incorporated into each of the responses to

interrogatories set forth below:

A.    The Defendant objects to the Plaintiff's first set of Interrogatories to the extent

that (1) they are unclear, vague or ambiguous; (2) they are overly broad, unduly burdensome or

indefinite in scope; or (3) they seek information that is not relevant to the subject matter of the

pending action, not reasonably calculated to lead to the discovery of admissible evidence, or not

within the scope of Federal Rule of Civil Procedure 26(b)(1).

B.    The Defendant objects to each and every interrogatory that is phrased in the

nature of a question to set forth "all" information. Interrogatories that seek detailed descriptions

or exhaustive lists representing the complete basis upon which Plaintiff will rely in support of its

claims or allegations are vague, ambiguous, overly broad, unduly burdensome and premature.

Moreover, such interrogatories call for legal conclusions that the Defendant is not qualified to

render. Additionally, the interrogatories cannot be answered without disclosing the confidential

275748-1                                     1

opinions of counsel as communicated to the Defendant concerning the relationships between various facts and various legal theories, and the Defendant therefore objects to answering these interrogatories.

     C.    The firm of Bulkley, Richardson and Gelinas, LLP has conducted interviews and communicated with the Defendant and others for the purpose of rendering legal services relating to this action. Such communications and related documents are subject to the attorney-client privilege or constitute litigation or trial preparation material. The Defendant objects to these interrogatories to the extent that they seek communications and related documents that are subject to the attorney-client privilege or that constitute litigation, public hearing or trial preparation materials subject to the provisions of Federal Rule of Civil Procedure 26(b)(3) for which the Plaintiff has no substantial need in the preparation of its case and of which the Plaintiff is able without undue hardship to obtain the substantial equivalent by other means.

## RESPONSE TO INTERROGATORIES

**Interrogatory 1.**    Identify all corporate officers and directors of Defendant.

    **Response:**

**Directors**

| Denis Brown | John L. Pugh | Jerry Wethington |
|---|---|---|
| Two Midtown Plaza | 541 Buffalo/Springs Hwy | Two Midtown Plaza |
| 1360 Peachtree St. | Union, SC 29379 | 1360 Peachtree St. |
| Suite 1430 | 847-427-7900 | Suite 1430 |
| Atlanta, GA 30309 | | Atlanta, GA 30309 |
| 404-873-2166 | | 404-873-2166 |

**Officers**

Richard Carr
Vice-President, Sales
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

Joey Duncan
Vice-President, Operations
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

Rocky Mankins
Vice-President, Finance
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

John L. Pugh
CEO
541 Buffalo/Springs Hwy
Union, SC 29379
847-427-7900

Jerry Wethingon
Chairman of the Board
Two Midtown Plaza
1360 Peachtree St.
Suite 1430
Atlanta, GA 30309
404-873-2166

**Interrogatory 2.**    Identify the state in which the Defendant is incorporated.

    **Response:**    Georgia

**Interrogatory 3.**    Identify all persons with knowledge of the adoption and/or use of the

trademark "Classic Wool Felt" by Defendant.

    **Response:**

Jeff Berline
Former President, CPE
1140 Woodburn
Spartanburg, SC 29302
864-585-5563

Ellie Joos
Former Marketing
Consultant, CPE
1220 Hope Bridgeville Rd.
Blairstown, NJ 07825
908-459-9269

Angela Robertson
Former National Accounts
Manager, CPE
502 Whitney Rd.
Union, SC 29379
864-429-3819

Billy Liner
Graphic Artist, CPE
541 Buffalo/Springs Hwy
Union, SC 29379
864-427-7900

**Interrogatory 4.**    Identify all persons with knowledge of the adoption and/or use of the

trademark "Imperial Wool Felt" by Defendant.

    **Response:**    The Defendant refers the Plaintiff to the Response to Interrogatory 3,

above.

**Interrogatory 5.**    Identify all persons with knowledge of the adoption and/or use of the Defendant's "ram" design by Defendant.

    **Response:**    The Defendant refers the Plaintiff to the Response to Interrogatory 3, above.

**Interrogatory 6.**    State the date of first use of the trademark "Classic Wool Felt" by the Defendant.

    **Response:**    September 2003

**Interrogatory 7.**    State the date of first use of the trademark "Imperial Wool Felt" by the Defendant.

    **Response:**    October 2003

**Interrogatory 8.**    State the date of first use of the Defendant's "ram" design by the Defendant.

    **Response:**    September 2003

**Interrogatory 9.**    Identify all persons and/or entities that have purchased the product "Classic Wool Felt" from the Defendant.

    **Objection:**    This interrogatory is vague and ambiguous with regard to "all persons and/or entities." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all persons and/or entities." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

    **Response:**    The Defendant states that the identity of all persons and/or entities that have purchased the product "Classic Wool Felt" from the Defendant is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 10.**    Identify all persons and/or entities that have purchased the product "Imperial Wool Felt" from the Defendant.

**Objection:**    This interrogatory is vague and ambiguous with regard to "all persons and/or entities." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all persons and/or entities." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:**    The Defendant states that the identity of all persons and/or entities that have purchased the product "Imperial Wool Felt" from the Defendant is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 11.**    State whether any investigations or searches were conducted by Defendant or its attorneys to determine whether the trademarks "Classic Wool Felt" and/or "Imperial Wool Felt" were available for use by the Defendant, and, if so, identify each such search or investigation.

**Response:**    Billy Liner, a graphic artist employed by the Defendant, searched the United States Patent and Trademark Office's online database in the summer of 2003.

**Interrogatory 12.**    Identify the goods sold under the trademarks "Classic Wool Felt" and "Imperial Wool Felt."

**Response:**

<table>
<tr><td>**"Classic Wool Felt"**</td><td>**"Imperial Wool Felt"**</td></tr>
<tr><td>36" x 10 Yard Bolts</td><td>31" x 4 Yard Bolts</td></tr>
<tr><td>Fat Quarter – Individuals</td><td>Fat Quarter – Individuals</td></tr>
<tr><td>Fat Quarter – Bundles</td><td>Fat Quarter – Bundles</td></tr>
<tr><td>9" x 12" Assortments</td><td>10" x 10" Assortments</td></tr>
<tr><td></td><td>5" x 5" Assortments</td></tr>
</table>

**Interrogatory 13.**    For each of the goods identified in response to Interrogatory No. 12, set forth the dollar amount of sales of said goods to date.

275748-1                                    5

**Objection:**    This interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "each of the goods." Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:**    The Defendant states that the dollar amount of sales of said goods to date is proprietary information and constitutes trade secrets not subject to the current scope of discovery.

**Interrogatory 14.**    State when Defendant first became aware of Plaintiff's trademark "WOOLFELT."

**Response:**    Summer of 2003 (exact date unknown).

**Interrogatory 15.**    Identify all documents that make reference to the Plaintiff.

**Objection:**    This interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all documents." Further, this interrogatory seeks information falling within the scope of the attorney-client or attorney work product privileges. Accordingly, without waiving and subject to the foregoing objection, the Defendant responds as follows:

**Response:**    The following documents make reference to the Plaintiff:

- Newspaper article from Sunday, August 20, 19__ (year unknown), with the headline "Weaving a comeback;"

- National Felt Company, Inc. marketing brochure titled "Acrylic & Wool Felts;"

- National Nonwovens, Inc. 2003 pricelist;

- Correspondence from Arthur F. Dionne to Jeffrie B. Berline, dated November 10, 2003;

- Correspondence from Thomas W. Epting to Arthur F. Dionne, dated November 21, 2003; and

- Correspondence from Thomas W. Epting to Arthur F. Dionne, dated December 8, 2003.

**Interrogatory 16.**    State whether any investigations or searches were conducted by Defendant or its attorneys to determine whether the Defendant's "ram" design was available for use by the Defendant, and, if so, identify each such search or investigations.

**Response:**    No investigations or searches were conducted by Defendant or its attorneys to determine whether the Defendant's "ram" design was available for use by the Defendant.

**Interrogatory 17.**    Identify all trademarks and trade names used by Defendant in the advertising or sale of any and all products made, and/or sale of any and all products made new/or sold by the Defendant.

**Objection:**    This interrogatory seeks information that cannot lead to discoverable information and is vague and ambiguous with regard to "all trademarks and trade names ... of any and all products made, and/or sale of any and all products made new/or sold." Further, this interrogatory is extraordinarily overbroad and unduly burdensome, such that the Defendant cannot possibly be expected to respond with regard to "all trademarks and trade names ... of any and all products made, and/or sale of any and all products made new/or sold."

**Interrogatory 18.**    Identify each person who participated in or supplied information used in answering any of the above interrogatories.

**Response:**

| | | |
|---|---|---|
| Richard Carr | Joey Duncan | Billy Liner |
| Vice-President, Sales | Vice-President, Operations | Graphic Artist |
| 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy | 541 Buffalo/Springs Hwy |
| Union, SC 29379 | Union, SC 29379 | Union, SC 29379 |
| 864-427-7900 | 864-427-7900 | 864-427-7900 |

Rocky Mankins                John L. Pugh
Vice-President, Finance      CEO
541 Buffalo/Springs Hwy      541 Buffalo/Springs Hwy
Union, SC 29379              Union, SC 29379
864-427-7900                 864-427-7900

                                    Respectfully submitted,
                                    CONSUMER PRODUCTS
                                    ENTERPRISES, INC.
                                    By Its Attorneys:


Dated: August _6_, 2004             James C. Duda
                                      BBO No. 551207
                                    Joshua P. Grey
                                      BBO No. 650544
                                    Bulkley, Richardson and Gelinas, LLP
                                    1500 Main Street, Suite 2700
                                    Springfield, MA 01115
                                    Tel: 413-781-2820
                                    Fax: 413-272-6806
                                    e-mail: jduda@bulkley.com
                                            jgrey@bulkley.com

275748-1                            8