# EXHIBIT K

# LEATHERWOOD WALKER TODD & MANN, P.C.

ATTORNEYS AT LAW
THE LEATHERWOOD PLAZA
300 EAST MCBEE AVENUE, SUITE 500
GREENVILLE, SOUTH CAROLINA 29601
FAX: (864) 240-2477
TELEPHONE: (864) 242-6440

HARVEY G. SANDERS, JR.
DAVID A. QUATTLEBAUM, III
O. DOYLE MARTIN
JOSEPH E. MAJOR
DUKE K. MCCALL, JR.
EARLE G. PREVOST
J. RICHARD KELLY
A. MARVIN QUATTLEBAUM
JACK H. TEDARDS, JR.
F. MARION HUGHES
MICHAEL J. GIESE
MARK R. HOLMES
WILLIAM L. DENNIS
NATALMA M. MCKNEW
ROBERT A. DEHOLL
RICHARD L. FEW, JR.
STEVEN E. FARRAR
NANCY HYDER ROBINSON
RUSSELL D. GHENT
SAMUEL W. OUTTEN
H. GIBERT SANDERS, III
THOMAS W. EPTING
JAMES L. ROGERS, JR
SANDRA L.W. MILLER
FRANK C. WILLIAMS III
ROBERT D. MOSELEY, JR.
JAMES T. HEWITT
KURT M. ROZELSKY

J. TOD HYCHE
LAUREL R.S. BLAIR
JAMILE J. FRANCIS III
JOHN P. RIORDAN
DANIEL C. PATTERSON
SEANN A. GRAY
LANGDON CHEVES III
WILLIAM B. SWENT
LAURIN MILFORD MCDONALD
MICHELE FULLER LYERLY
PETER A. RUTLEDGE
PAUL E. HAMMACK
WILLIAM WALTER WILKINS III
WILLIAM J. WATKINS, JR.
STEPHEN D. PORTER
MARK M. TRAPP
LANE W. DAVIS
PETER B. BYFORD
CARI V. HICKS
MARY H. ABEL
JONATHAN D. HAMMOND
JENNIFER SPRAGINS BARR
JENNIFER ADAMSON MOORHEAD
MARGARET U. NEWMAN
J. DERHAM COLE, JR.
ERIKA B. NEWSOM
ZANDRA L. JOHNSON

**Mailing Address:**
Post Office Box 87
Greenville, SC 29602-0087

COUNSEL:
J.D. TODD, JR.
JAMES H. WATSON
J. BRANTLEY PHILLIPS, JR.
JOHN E. JOHNSTON, JR.
ROBERT D. INGLIS
DAVID E. HODGE
MATTHEW H. HENRIKSON

D.B. LEATHERWOOD
1896-1989
WESLEY M. WALKER
1915-1999
FLETCHER C. MANN
1921-2003

WRITER'S
Direct Dial: 864-240-2453
Direct Fax: 864-240-2477
E-Mail: tepting@lwtm.com

December 8, 2003



Arthur F. Dionne, Esq.
McCormick, Paulding & Huber, LLP
1350 Main Street, 5th Floor
Springfield, MA 01103-1628

RE:  U.S. Trademark Registration No. 1,385,577
"WOOLFELT" and Design
U.S. Trademark Registration No. 2,073,811
"WOOLFELT"
Your File No.: 6020-11-1
Our Reference: 131592

Dear Mr. Dionne:

In furtherance of my letter to you of November 21, 2003, we have had an opportunity to review the allegations you raised in your correspondence of November 10, 2003, regarding our client's "classic wool felt" products. Our client respects the intellectual property rights of others and has taken seriously your allegations that it is infringing upon the trademark rights of National Nonwovens, Inc.

First, our client does not believe that National Nonwovens, Inc., or anyone else for that matter, has the exclusive rights to use the words "wool felt," as such words are generic and not subject to monopolization for felt products. Note in particular your client's Supplemental Registration No. 1,385,577, where National Nonwovens was required by the U.S. Patent and Trademark Office to disclaim the words "wool felt," from its mark, since such words formed "an unregisterable component" of the mark. See 15 U.S.C. §1056(a). That disclaimer by your client is an admission that your client cannot claim the exclusive right to the words "wool felt" in connection with felt products.

The fact that the words "wool felt" are generic is further supported by the dictionary definition of the word "felt." "Felt" is defined in the American Heritage Dictionary, 2nd College Edition, as "a fabric of matted, compressed animal fibers, as

Arthur F. Dionne, Esq.
Page 2
December 8, 2003

---

*wool* or fur, sometimes mixed with vegetable or synthetic fibers." (emphasis added). An ordinary internet search of "wool felt", using the Google search engine, generates approximately 22,000 results. Clearly, your client has no claim to the words "wool felt," and in particular, your client has no claim to our client's descriptive use of "classic wool felt" to describe its felt products.

As to the depiction of the marks in your client's registrations, your client's first registration is a Supplemental Registration for a composite mark including design components the word "woolfelt," with "wool" being shown in outline, and "felt" being shown in solid black lettering. The mark also includes the phrase, "There's nothing like the real thing....," the "real thing" obviously referring to the "wool felt" set forth in the identification of goods on that registration. Again, as noted above, your client was required to disclaim words, "wool felt" from this mark.

Our client does not use a mark similar to the mark of this Supplemental Registration. Further, it should be noted that a Supplemental Registration "confers no substantive trademark rights beyond those under common law." McCarthy on Trademarks, §19.36, citing *Clairol, Inc. v. Gillette Company*, 389 F.2d 264 (2nd Cir. 1968) and *American Personnel, Inc. v. Management Recruiters*, 165 U.S.P.Q. 1973 (Va. 1970). Also, according to Section 26 of the Lanham Act, 15 U.S.C. §1094, a Supplemental Registration provides no evidence of an owner's exclusive right to use the mark, nor does it even provide constructive notice of a claim of ownership of the mark.

In regards to Principal Registration No. 2,073,811, the registered mark there is for "WOOLFELT," in a compound word format. Applicant's use of "classic wool felt" uses no such one word format. Also, we note that the registration certificate indicates the goods to be "fabric, namely, felt consisting of wood." We can only assume this is not a typographical error, and that such products are actually made from wood fiber or wood products. Our client does not sell such products under the "classic wood wool felt" product name.

We recognize that a disclaimer of the words "wool felt" was not required in the Principal Registration; however, the Trademark Office likely allowed that only because such mark was a compound word mark, wherein a disclaimer would not be required. See Section 1213.05(a) of the Trademark Manual of Examining Procedure. In any event, even if the products set forth in the Principal Registration are wool products, there is no likelihood of confusion for our client's generic use of the words "wool" and "felt."

Arthur F. Dionne, Esq.
Page 3
December 8, 2003

---

Even your own client uses the words "wool felt" generically to refer to its products. Note in particular your client's webpage under the heading "Wool felting," wherein it is stated that your client "is the largest manufacturer of *wool felt* in the U.S. today ..." (emphasis added). Thus, your client's own usage demonstrates that the words "wool felt" are generic for the relevant goods.

For each of these reasons, our client has no intention of discontinuing use of "classic wool felt" in connection with the products it sells.

On another note, we have been made aware of contacts by your client to customers of our client alleging that they are infringing your client's trademark rights by virtue of buying our client's products. Such allegations are baseless, as explained above, and place your client in jeopardy of tortious interference with our client's contractual relations, violation of statutes directed to unfair trade practices, and other illegal activities. This is to place your client on notice that CPE will not tolerate such abuses and will vigorously protect its rights against National Nonwoven if necessary.

Sincerely,

Thomas W. Epting
Leatherwood Walker Todd & Mann, P.C.

TWE/bhb
cc:   Mr. Jeffrie B. Berline