UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL NONWOVENS INC.        )
                               )
        Plaintiff              )
                               )
v.                             )  Civil Action No.: 04-30078-MAP
                               )
CONSUMER PRODUCTS ENTERPRISES, INC.)
                               )
                               )
        Defendant              )

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES

Plaintiff National Nonwovens Inc. ("NNI") opposes Defendant's Motion For Attorneys' Fees. Defendant Consumer Products Enterprises, Inc. ("CPE") has failed to substantiate that NNI's litigation against CPE is "frivolous litigation" that is "utterly without merit".

## Argument

While it is true that the Federal Trademark Law provides for the award of attorneys' fees to prevailing parties in exceptional cases, 15 U.S.C. Code Section 1117(a), the exceptional nature of a case must be demonstrated by clear and convincing evidence. The proper standard as described in Tamko Roofing Products, Inc. v. Ideal Roofing Company, Ltd., 282 F. 3d 23 (1st Cir. 2002), is that an exceptional case involves acts by a trademark infringer that are found to be "malicious", "fraudulent", "deliberate" or "willful". Equating this standard to a trademark owner rather than a trademark infringer appears to require that the trademark owner would have had to file a

complaint without any foundation and therefore acted in bad faith. See <u>Diamond Supply Co. v. Prudential Paper Products Co., Inc.</u>, 589 F. Supp. 470 (S.D.N.Y. 1984).

The Defendant attempts to make its case for attorneys' fees through its skewed view of the deposition testimony of Plaintiff's Vice President, Michalina A Centofanti. As stated by the Defendant, "Plaintiff's Rule 30(b)(6) representative recently swore that she had no knowledge of the meaning of "wool felt" <u>except as an incorrect term for felted wool</u>. Logic tells us that if indeed she stated that the term "wool felt" is the "incorrect usage of felted wool", then it cannot follow that she "had no knowledge of the meaning of "wool felt". Defendant is clearly trying to pass off its "word game" as evidence, which it is not.

Based a review of the Defendant's Motion for Summary Judgment, it is clear that the Defendant wants this Court to ignore the fact that Plaintiff has two valid and existing U.S. Trademark Registrations that were legally issued by the experts at the U.S. Patent and Trademark Office. The main thrust of Plaintiff's action against the Defendant is based on the Plaintiff's two, incontestable U.S. Trademark Registrations. The existence of these two Registrations clearly removes any question of this litigation being "frivolous" and "utterly without merit".

In its Motion, the Defendant states that the case for "genericness" of Plaintiff's trademark "WoolFelt" has been demonstrated in Defendant's Motion for Summary Judgment. Plaintiff submits that, in its Opposition to Defendant's Motion for Summary Judgment, Plaintiff clearly demonstrated that the methodology employed by Defendant for "proving genericness" was unscientific and terribly flawed. Consequently,

Defendant's conclusions based thereon are essentially worthless. In view of this, we are left with only the Defendant's opinions as evidence.

Defendant makes a weak claim for attorneys' fees with regard to Plaintiff's copyright claims as Defendant fashions itself the prevailing party on those issues. The Defendant assumes that its analysis of Plaintiff's copyright claims is all that the Court needs to determine that there is no substantial similarity between Defendant's materials and Plaintiff's materials. While this issue has also bee addressed in Plaintiff's opposition to Defendant's Motion for Summary Judgment, the Plaintiff points out that a direct comparison of the instructions *per se* demonstrates that the Defendant has used approximately 34% of the language of Plaintiff's instructions. This coupled with the fact that Plaintiff believes that the overall appearance of the Plaintiff's instructions was copied by the Defendant. The question of prevailing party is not a closed issue.

Finally, in order for the Court to award attorneys' fees, it must first find that the case is exceptional. Once the Court has determined that a case is exceptional, the award of attorneys' fees is within the sound discretion of the Court. See e.g. Burger King Corp v. Pilgrim's Pride Corp, 15 F.3d 166 (11th Cir. 1994). Fees are more likely to be awarded when the conduct of the non-prevailing party is knowingly wrongful. See e.g. Jones Apparel Group, Inc. v. Steinman, 466 F. Supp. 560, (E.D. Pa. 1979). The Defendant has not provided any evidence of Plaintiff's knowingly wrongful conduct

**Conclusion**

For the forgoing reasons, Plaintiff requests that the Court deny any award of attorneys' fees to the Defendant in this litigation.

Respectfully submitted,

National Nonwovens Inc.
By Their Attorney

Date: December 1, 2004

Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 1st day of December, 2004 to all counsel of record for each party.

Arthur F. Dionne