> With respect to "WOOL FELT", which is the dominant feature of applicant's mark, this is descriptive of a characteristic of applicant's goods which are wool felt. The disclaimer of record supports this contention.

(See Def.'s Att. D, p.1).

Nowhere in the file history of Plaintiff's first trademark application did the Examining Attorney or Plaintiff state that the mark or the term "WOOLFELT" was generic. This cannot be inferred from Plaintiff's disclaimer of the term "wool felt". Pursuant to 15 U.S.C. § 1056(a), disclaimed subject matter relates to "an unregistrable component of a mark otherwise registrable." An "unregistrable component" is not restricted to a generic term. Indeed, a descriptive component of a mark without secondary meaning, as in the case of Plaintiff's use of "WOOLFELT" in the first application, is such an "unregistrable component". See TMEP § 1213.03(a) ("Typically an unregistrable component of a registrable mark is the name of the goods or services, other matter that does not indicate source, or matter that is merely descriptive or deceptively misdescriptive of the goods or services, or primarily geographically descriptive of them.").

Plaintiff legitimately filed its second trademark application – directly solely to the word designation "WOOLFELT" – without any disclaimer to the previous descriptive "wool felt" language. (See Def.'s Att. G). Plaintiff was well within its rights to file this application without such a disclaimer. See 15 U.S.C. § 1056(b) ("No disclaimer . . . shall prejudice or affect the applicant's or registrant's rights then existing or thereafter arising in the disclaimed matter, or his right of registration on another application if the disclaimed matter be or shall have become distinctive of his goods or services."); TMEP § 1213.11 ("It is now clear that, aside from generic matter, disclaimed matter is not forever barred from registration, and it can subsequently be considered for registration . . . ."). Moreover, no rejection of the "WOOLFELT" mark on the basis of genericness was made by the Trademark Office, even where the prior registration, with a disclaimer to "wool felt", was expressly identified in Plaintiff's application. (See Def.'s Att. G; accord Pl.'s Atts. C, D). Had the examining Attorney considered "WOOLFELT" to be generic based on Plaintiff's prior disclaimer, the Examining attorney would have been required to reject the application. See TMEP § 1213.06 ("If a mark is not registrable as a whole, a disclaimer will not make it registrable."). This did not happen. Accordingly, CPE's after-the-fact implication that the Trademark Office failed to do its job is improper. Therefore, it is clear that Plaintiff

never admitted that the term "WOOLFELT" was generic during prosecution of its trademark applications.

As noted above, trademark applications have recently been filed for CPE's "CLASSIC WOOL FELT" and "IMPERIAL WOOL FELT" logos. (See Pl.'s Atts. G, H). Neither application includes a disclaimer to the term "WOOL FELT" even though both applications were filed months after CPE filed its Answer and Counterclaims in this matter. It is curious that CPE vehemently asserts that Plaintiff's "WOOLFELT" trademark in generic, while it simultaneously seeks trademark status for composite marks in which the term "WOOL FELT" is the dominant portion of the marks.

### K. CPE's Commercial Use of "CLASSIC WOOL FELT" and "IMPERIAL WOOL FELT" for Felted Wool Fabrics is Confusingly Similar to Plaintiff's U.S. Trademark Registration No. 1,385,577

CPE's main argument regarding Plaintiff's Count II is that the only common feature between CPE's commercial designations for felted wool fabric and Plaintiff's registered "WOOLFELT – THERE'S NOTHING LIKE THE REAL THING" design is the term "wool felt," which CPE asserts is generic. As discussed above, there are genuine issues of material fact that dispute that "WOOLFELT" is generic to the relevant public. CPE has failed to present sufficient evidence of this fact. Accordingly, CPE's Summary Judgment Motion should be denied with respect to Plaintiff's Count II.

### L. A Question of Fact Exists Regarding What Elements of Plaintiff's Copyrighted Expressions Are Facts or Expressions, Whether CPE had Access to the Copyrighted Materials, and Whether There Is Substantial Similarity between Plaintiff's Copyrighted Materials and CPE's Infringing Expressions

In response to Plaintiff's copyright claims, CPE has focused on a comparison of each parties' "Instructions" for treating a felted wool fabric and has ignored the overall presentation of the "Instructions". In this regard, CPE presents a side-by-side comparison of the Instructions and draws the conclusion that "…any similarity between the instructions is only because both works describe the same functional steps." This conclusion is reached in spite of the fact that approximately 34% of the words used in CPE's "Instructions" are present in Plaintiff's "Instructions" and the syntax is similar if not identical. This alone raises the issue of substantial similarity and creates a question of material fact. Further, Plaintiff's copyright claims are

directed to more than just the "Instructions", said claims are directed to the overall presentation of the "Instructions" by CPE. As these issues are ignored by CPE's Motion it follows that summary judgment for the Defendant is not appropriate and therefore should be denied by the Court.

### M. CPE's Failure to Address the Merits of Plaintiff's Remaining Counts Does Not Merit Granting Summary Judgment

CPE generally dismisses Plaintiff's remaining counts on the basis that the claims are based upon vague and frivolous allegations. (See Motion, pp. 24-25). CPE fails to address, let alone disprove by way of undisputed issues of material fact, the elements of Plaintiff's Counts. Instead CPE restates its conclusions from its Answer – e.g., "[s]urely there cannot be a false designation of origin simply because two parties use different sheep designs in association with wool." (Motion, p. 24).

Moreover, CPE reaches these conclusions, it states, because Plaintiff has not provided any evidence. (See Motion, p. 24). However, the discovery period for this matter has not ended. (See Scheduling Order, Docket #14 (non-expert discovery deadline of January 3, 2005)). Further, several of Plaintiff's counts relate to factual areas that Plaintiff has been foreclosed from discovery by CPE's stonewalling. For example, Plaintiff has requested information from CPE concerning CPE's relationship with Hancock Fabrics for felted wool fabrics. This information is relevant to Plaintiff's unfair competition counts and Chapter 93(a) count. CPE has refused to provide any such information, and Plaintiff has accordingly filed a Motion to Compel. (See Docket #18).

Regarding CPE's infringing use of a "ram" design, CPE seeks summary judgment solely on the basis a conclusion that "[s]urely there cannot be a false designation of origin simply because two parties use different sheep in association with wool." (Motion, p. 24). Plaintiff's Amended Complaint (Docket #10) supplies evidence of different sheep designs used in connection with Plaintiff's products. (See Def.'s Att. R). Pursuant to 15 U.S.C. § 1125(a), to establish a false designation of origin, the plaintiff must establish "(1) the ownership of a distinctive mark entitled to trademark protection; (2) the use of that mark in interstate commerce; and (3) its use by another in a manner likely to cause confusion as to the origin of the gods or services." Calamari Fisheries, 698 F. Supp. at 1006. As asserted in Plaintiff's Amended

Complaint, CPE uses a "ram" design in commerce that Plaintiff contends infringes Plaintiff's sheep motif. (See Amended Complaint, Docket #10, ¶¶ 19, 45). A false designation of origin can clearly exist where the relevant consuming public is likely to be confused by the use of similar designations on similar products. Whether such a case exists for CPE's "ram" design is a genuine issue of material fact that should be presented to a trial of fact. See Kazmaier, 761 F.2d at 48-49 ("In passing on a summary judgment motion, the court must view the record and draw inferences in the light most favorable to the opposing party.").

### III.  CONCLUSION

For at least the above reasons, CPE's Motion for Summary Judgment should be denied for all Counts because there are significant questions of material fact.

Respectfully submitted,
National Nonwovens, Inc.
By Their Attorney

Date: December 1, 2004

Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

### Certificate of Service

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 1st day of December 2004 to all counsel of record for each party.