UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL NONWOVENS INC.            )
                                   )
            Plaintiff              )
                                   )
      v.                           )   Civil Action No.: 04-30078-MAP
                                   )
CONSUMER PRODUCTS ENTERPRISES, INC )
                                   )
            Defendant              )

MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION
TO AMEND SCHEDULING ORDER

As the Court is aware, a Scheduling Order in this litigation was issued on June
24, 2004.  A copy of said Order is attached hereto as Exhibit A.  For the reasons given
below, Plaintiff National Nonwovens Inc.  ("NNI") has not been able to complete or
even make a significant start on its discovery.  In view of this and further in view of the
Courts Order of December 27, 2004 ordering specific discovery Plaintiff NNI
respectfully moves the Court to amend the Scheduling Order as noted in its Motion To
Amend Scheduling Order submitted herewith.

1.      The Parties have Engaged in Settlement Discussions:

At the outset of this litigation, Counsel for NNI broached the issue of settlement
with Counsel for Defendant Consumer Products Enterprises, Inc.  ("CPE").  To
this end, letters of compromise passed between the parties during the months of
July, September and October 2004.  In addition, the principals of each party

engaged in direct settlement discussions on at least two (2) occasions during the same time period. In that the parties were engaged in a compromise mode, Plaintiffs discovery was delayed, including survey discovery by Plaintiffs trademark survey expert, In that the Plaintiff believed that settlement of this litigation was possible the Plaintiff did not want to engage in expensive, extensive discovery if in fact the litigation could be settled; however, during the later part of September 2004 it became quite clear that this litigation would not be settled. Accordingly, Plaintiff generated additional party discovery requests, noticed depositions and engaged a trademark survey expert.

2.      Discovery in South Carolina Compromised:

During September 2004, Plaintiff advised Defendant that Plaintiff would take depositions in Greenville, South Carolina of CPEs Rule 30(b)(6) witness and an employee of CPE. The depositions were scheduled for November 3 and 4, 2004. On or about October 15, 2004, Plaintiff advised Defendant that Defendants former President would be the subject of a non-party deposition to take place on November 5, 2004.

On October 13, 2004, counsel for the Defendant advised Counsel for the Plaintiff that Counsel for the Defendant could not attend the deposition scheduled for November 4, 2004 due to a prior commitment. In addition, while Defendants Counsel did indicate that the deposition scheduled for November 3, 2004, could go forward, Counsel advised Plaintiff that CPEs Rule 30(b)(6) witness would not

be permitted to testify to CPEs business relationship with Hancock Fabrics of Tupelo, Mississippi.

On October 20, 2004, Plaintiffs Counsel was advised that the deposition scheduled for November 5, 2004, could not go forward as the deponent was on a trip to China.

As the Plaintiff did not wish to make more than a single trip to South Carolina for depositions, all depositions were postponed.

3.      Extensive Motion Practice by the Parties:

In view of Defendants refusal to provide Plaintiff with substantive responses to Plaintiffs Interrogatories and Requests for Production of Documents, Plaintiff was forced to file a Motion To Compel with the Court on October 27, 2004.  On November 12, 2004, Defendant filed a Motion for Summary Judgment and a Motion for Attorneys Fees with the Court.

The Plaintiff and the Defendant have responded to the various Motions noted above to the fullest extent permitted by the Local Rules.  The last of such responses was filed with the Court on December 10, 2004

4.    Court's Order of December 27, 2004:

The Court's Order of December 27, 2004 orders the Defendant to fully respond to Interrogatories and a Document Request concerning Defendants business relationship, as it relates to the products "Classic Wool Felt" and "Imperial Wool Felt", with Hancock Fabrics of Tupelo, Mississippi Defendant has been given until January 14, 2005 to so respond.

Plaintiff submits that the combination of events listed above have compromised Plaintiffs ability to conduct the discovery needed, to which it is entitled, in order to prove the allegations of its Complaint against the Defendant.  Accordingly, Plaintiff respectfully requests that the Court grant this Motion in the interest of fairness and substantial justice.

Respectfully submitted,
National Nonwovens, Inc.
By Its Attorney

Date: ___12/29___, 2004

Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this _29th_ day of _December_, 200_4_ to all counsel of record for each party.

J. Kevin Grogan