Case 3:04-cv-30078-MAP   Document 39-3   Filed 01/14/2005   Page 1 of 2



BULKLEY, RICHARDSON AND GELINAS, LLP

LAW OFFICES
1500 MAIN STREET, SUITE 2700
POST OFFICE BOX 15507
SPRINGFIELD, MA 01115-5507

TEL: (413) 781-2820
FAX: (413) 272-6806



JAMES C. DUDA
DIRECT DIAL (413) 272-6284
JDUDA@BULKLEY.COM

January 10, 2005

**VIA TELEFAX (733-4543) AND REGULAR MAIL**

Arthur F. Dionne, Esq.
McCormick, Paulding & Huber, LLP
1350 Main Street
Sovereign Bank Building 5th Floor
Springfield, MA 01103

Re:   *National Nonwovens, Inc. v. Consumer Products Enterprises, Inc.*
      Civil Action No. 04-30078-MAP: Scope of depositions

Dear Art:

We've reviewed your letter of January 7, 2005, and it is not clear as to whether we have an actual dispute as to the scope of the depositions scheduled to take place during the week of January 24.

As an initial matter, we do understand that Judge Neiman stated as the basis for his allowance of limited discovery at this point as, "It appears that the responses [to the specifically identified three interrogatories and one document production request] may be relevant to the outstanding motion for summary judgment . . . ." He also noted that the motion to compel was, [i]n all other respects," denied because, "in any event," the other discovery requests are "unnecessary for the resolution of the summary judgment motion." It seems difficult to read the language of his order as not limiting discovery to that which he believes may have some relevancy to the resolution of the summary judgment motion.

**BULKLEY, RICHARDSON AND GELINAS, LLP**

Arthur F. Dionne, Esq.
January 10, 2005
Page 2

      In any event, most importantly, we do want to be sure that you are not in disagreement with the third paragraph of my prior letter to you. In pertinent part, we informed you that, at the upcoming depositions, we will "object[] to any questions relating to customer names, product pricing, product quantities, profits, costs, and any of CPE's dealings with Hancock Fabrics that are unrelated to Classic Wool Felt and Imperial Wool Felt." If you believe that our position on this is inconsistent with Judge Neiman's order, please call me to discuss this.

      Very truly yours,

James C. Duda

JCD/cnr