*Offices in*
Hartford, CT and
Springfield, MA

*From the Desk of*
J. Kevin Grogan
grogan@ip-lawyers.com
Tel 413 736.5401
Fax 413 733.4543

1350 Main Street
5th Floor
Springfield, MA 01103-1628
www.IP-Lawyers.com

Correspondence Address:
CityPlace II
185 Asylum Street
Hartford, CT 06103-3402

John C. Linderman*✢
J. Kevin Grogan*✢
Arthur F. Dionne*✢
Marina F. Cunningham*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald✢
Kevin H. Vanderleeden✢
Jeanne M. Tanner*
John A. Kramer✢
*Admitted in CT
✢Admitted in MA

*Technical Consultants*
Chad A. Dever, Ph.D.
Alan L. Stern

*Of Counsel*
Donald K. Huber*
John C. Hilton*
Frederick J. Haesche*
Chester E. Flavin✢
William C. Crutcher*
John J. Dempsey✢

January 7, 2005

**Via Facsimile No.: (413) 272-6806
and First Class Mail**

James C. Duda, Esq.
Buckley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, Massachusetts 01115

    Re:    National Nonwovens, Inc. v.
            Consumer Products Enterprises, Inc.
            Civil Action No. 04-30048-MAP
            - (Our File No. 6020-0011-1)

Dear Jim:

We are in receipt of your letter of January 6, 2005 advising us of your understanding of Judge Neiman's Order as to the matters we are not permitted to explore during the noticed depositions. We do not believe that Judge Neiman's Order limits the scope of the noticed depositions to "to only that which he believes may have some relevancy to the resolution of the summary judgment motion". Rather, we believe that the Plaintiff has the right to question CPE on any matter not *specifically* excluded by Judge Neiman's Order.

In effort to be perfectly clear, we wish to advise you as to our understanding of Judge Neiman's Order. In general, we are not excluded from questioning CPE as to any issue raised in our Amended Complaint other than the issues identified in Plaintiff's First Set of Interrogatories 9, 10, and 13, Plaintiff's First Requests 23, 24 and 25 and our Second Set of Interrogatories 1,2 and 3 and Plaintiff's Second Request 1 as the latter two relate to products other than "Classic Wool Felt" and/or "Imperial Wool Felt". Accordingly, we will be questioning CPE on the following issues as well as many other issues consistent with Judge Neiman's Order:

    1.    All communications to and from Hancock Fabrics relating to the products identified as "Classic Wool Felt" and/or "Imperial Wool Felt", including agreements, letters, invoices, orders etc. during the period of "January 1, 2002 to date".

James C. Duda, Esq.
Buckley, Richardson and Gelinas, LLP
January 7, 2005
Page 2

    2.    The substance any and all communications, oral or written, to any employee of Hancock Fabrics during the period of "January 1, 2002 to date".

    3.    The adoption and use of the marks "Classic Wool Felt" and "Imperial Wool Felt".

    4.    The adoption and use of the "ram" design mark.

    5.    The creation of the "instructions for boiling felt"

If you have a problem with our understanding of Judge Neiman's Order please advise us immediately and we will request a discovery conference with Judge Neiman.

Very truly yours,

**McCormick, Paulding & Huber LLP**

/s/

J. Kevin Grogan

JKG/med