UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-30078-MAP

| | |
|---|---|
| NATIONAL NONWOVENS, INC., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | PLAINTIFF'S EMERGENCY MOTION FOR |
| ) | A PROTECTIVE ORDER |
| CONSUMER PRODUCTS ) | and |
| ENTERPRISES, ) | REQUEST FOR ORAL ARGUMENT |
| INC., ) | |
|     Defendant. ) | |

## MOTION

NOW COMES Defendant Consumer Products Enterprises, Inc. (hereinafter "CPE") and moves that this Court issue a Protective Order pursuant to Fed. R. Civ. P. 26(c) on an emergency basis staying all discovery until after the Court decides the pending Motion for Summary Judgment, filed on November 12, 2004 (Docket No. 23), fully briefed, and with oral argument scheduled for February 18, 2005 (Docket No. 35).  By agreement both parties have filed motions asking for relief; Plaintiff filed a Motion for Emergency Discovery Conference (Docket No. 39) asking the Court to clarify the scope of its order of December 27, 2004 and Defendant asks herein that the Court temporarily stay all discovery.

Plaintiff National Nonwovens, Inc. (hereinafter, "National Nonwovens") has already been denied the discovery of sensitive business information unrelated to the motion for summary judgment.  Nevertheless, it has now noticed the depositions of four witnesses for January 25 through January 28 in Greenville, South Carolina.  There is, however, nothing that Plaintiff can gain by taking these depositions, other than to force Defendant to incur the very substantial costs of at least five full days of attorney's fees, lost productivity of company deponents, and the costs

of counsel's travel to and housing in South Carolina. Since the deponents have no information relevant to the motion for summary judgment, and since it is highly likely that the entire case will be resolved very shortly on the summary judgment motion, discovery must be stayed.

### REQUEST FOR ORAL ARGUMENT

Defendant also asks that this Court grant a hearing on this Motion on an expedited basis so that the matter can be resolved before the scheduled depositions.

### MEMORANDUM

**I.     FACTUAL BACKGROUND**

In its Amended Complaint, Plaintiff raises a number of different legal theories claiming that Defendant's use of its trademarks CLASSIC WOOL FELT and IMPERIAL WOOL FELT for its wool felt products is somehow wrongful. Although there are several counts, all of them are based on the same fundamental premise, that CPE may not use "wool felt" to identify its product.[1] Defendant's principal defense, as raised in its Motion for Summary Judgment, is that the term "wool felt" is a generic term that may be used by all. A decision finding that "wool felt" is generic will be dispositive of all trademark infringement, unfair competition and unfair business practices claims.[2]

On October 27, 2004, Plaintiff moved to compel answers to certain interrogatories and the production of certain documents (Docket No. 18). On November 11, 2004, Defendant filed its opposition to the motion and moved for a protective order, on the basis that the discovery requests were overly broad and, to the extent they were within the scope of discovery, the

---

[1]     Counts Six and Seven of the Amended Complaint are copyright infringement claims. Count Eight purportedly arises under Mass. Gen. L. 93A, but the only statement in the count is that the wrongs described in the previous seven counts also amount to a violation of 93A. Thus, the Plaintiff's 93A claim alleges no wrong separate and apart or different in character from what is alleged in the Plaintiff's other counts.

[2]     In its papers the Defendant also moved for summary judgment on the two copyright infringement claims.

2

information sought was competitive business information that it should not be required to disclose unless and until the Court denied Defendant's Motion for Summary Judgment. On December 27, 2004, the Court ordered that Defendant need provide only a limited amount of the discovery sought, specifically only the discovery that might be relevant to the Motion for Summary Judgment. The order is set forth fully below:

> ELECTRONIC ORDER entered granting in part and denying in part [18] Plaintiff's Motion to Compel. The motion is ALLOWED with regard to the Second Set of Interrogatories Nos. 1, 2 and 3 and the Second Request for Documents No. 1, but limited to products comprised of "classic wool felt" or "imperial wool felt." It appears that the responses may be relevant to the outstanding motion for summary judgment and, therefor, must be produced no later than January 14, 2005. In all other respects, the motion is DENIED without prejudice to its renewal once the summary judgment motion is decided, it appearing at this time that the discovery requests are oftentimes overly broad and, in any event, unnecessary for the resolution of the summary judgment motion. If the motion to compel is renewed, the parties shall comply with the requirements of Local Rule 37.1(b)(4) and (c) and address the discovery disputes seriatim. It is so ordered.

By this Order the Court *denied* the following discovery requests in their entirety:

<u>First Set of Interrogatories</u>

> Interrogatory 9. Identify all persons and/or entities that have purchased the product "Classic Wool Felt" from the Defendant.
>
> Interrogatory 10. Identify all persons and/or entities that have purchased the product "Imperial Wool Felt" from the Defendant.
>
> Interrogatory 13. For each of the goods identified in response to Interrogatory No. 12, set forth the dollar amount of sales of said goods to date.

<u>First Request for Production of Documents</u>

> Request 23. All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Classic Wool Felt."
>
> Request 24. All documents that refer or relate to or evidence sales of products under the Defendant's trademark "Imperial Wool Felt."
>
> Request 25. All documents that refer or relate to or evidence sales of products under the Defendant's "ram" design.

Second Request for Production of Documents

> Request 2. All documents that describe products offered for sale by Defendant during the period January 1995 to September 2003.
>
> Request 3. All documents that describe products offered for sale by Defendant during the period September 2003 to date.

Defendant complied with the Court's order and provided its responses on January 13, 2005. Copies of the discovery responses are attached hereto as Exhibits A and B.

Plaintiff has now noticed the depositions of four witnesses in South Carolina for January 25 through 28, 2005: a 30(b)(6) witness for Defendant; John Pugh, Defendant's Chief Executive Officer; Billy Liner, an employee of Defendant; and Jeff Berline, Defendant's former Chief Executive Officer.

## II. ARGUMENT

As noted above, the Court has previously limited discovery in this case to only that which is relevant to Defendant's summary judgment motion, which hinges on the issue of the genericism of the words "wool felt." There is nothing material, however, that will be discovered by deposing the above-described witnesses that could possibly be relevant to the issue of genericism or the related issues in this case.

Genericism, as explained by Professor McCarthy in his treatise, is what the *buyer* understands as the meaning of the contested words. 2 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 12:4 (4th ed. 2004). These witnesses simply have no particularized knowledge to offer about consumer perception of the meaning of the words "wool felt." This can be seen in Defendant's discovery responses, at Exhibit A and B. There is little in these documents that has any relevance to the question of genericism; it is instead ordinary correspondence between a seller and purchaser.

4

Defendant filed its motion for summary judgment on the basis that the use of "wool felt" as a generic term is pervasive, supported by overwhelming evidence provided with Defendant's Motion for Summary Judgment and Supporting Memorandum (Docket 23, attached hereto as Exhibit C), Defendant's Reply (Docket 34, attached hereto as Exhibit D) and Defendant's Motion for Attorney's Fees (Docket 24, attached hereto as Exhibit E). This includes that "wool felt" has been made for centuries and is still commonly used for headwear, footwear, and apparel, that the U.S. Department of Commerce promulgated commercial standards for "wool felt," that Plaintiff's own trademark registration describes its goods as "wool felt" and its own web site uses "wool felt" as the generic term for its goods, that there are signs in fabric stores for generic "wool felt," that contemporary web sites, newspapers, books and magazines use "wool felt" to describe a type of fabric, and that Plaintiff has never contested any one else's use of the words "wool felt." Given the ridiculousness of this lawsuit, Plaintiff should not be allowed to interfere with Defendant's business any more than it already has by continuing to press forward with discovery that is meaningless at this point in time.

Nor has National Nonwovens suggested that the deponents do have any particularly relevant information on genericism or any other material issue in this matter. When counsel for CPE advised counsel for National Nowovens that he would object to any questions unrelated to the motion for summary judgment, Plaintiff's counsel did not explain in its correspondence (Exh. F and F), or even in its after-filed Motion for Emergency Discovery Conference (Docket No. 39), what relevant information the deponents might possibly have. There is simply no reason to take these depositions at this point in time.

A protective order staying discovery until after the Court rules on the motion for summary judgment is particularly appropriate given the frivolous nature of Plaintiff's claims.

5

This is not a case where it makes sense to allow discovery to proceed while the motion is pending so that the litigation will not be delayed; instead, it is a case where a plaintiff's claims are so frivolous that the defendant should be protected from the substantial burden and expense of numerous, unnecessary dispositions and undue interference with its lawful business.

     If the depositions are allowed to go forward, Defendant will suffer the potential exposure of confidential business information, the loss of employee productivity, and very substantial attorney's fees, costs of the deposition, travel expenses, and lodging fees, all in pursuit of information that is irrelevant to the fully dispositive pending motion for summary judgment. Meanwhile, there is no harm whatsoever to Plaintiff if it must wait a while longer before taking the deposition of witnesses (in the unlikely event that it even will be necessary); indeed, it most likely will save itself the expense of extra, needless trips to South Carolina. It is simply nonsensical to take these depositions or any other discovery at this point in time.

### III. CONCLUSION

In light of the highly questionable nature of Plaintiff's case and the short period of time until the Court decides the dispositive motion, the Court should GRANT Defendant's motion for a protective order staying further discovery until after the Court hears and decides the pending motion for summary judgment.

Respectfully submitted,
CONSUMER PRODUCTS ENTERPRISES, INC.
By Its Attorneys:

Dated: January 17, 2005

/s/ James. C. Duda
James C. Duda
 BBO No. 551207
Joshua P. Grey
 BBO No. 650544
Pamela S. Chestek
 BBO No. 647124
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6806
e-mail: jduda@bulkley.com
       jgrey@bulkley.com