# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

Civil Action No. 04-30078-MAP

| | | |
|---|---|---|
| NATIONAL NONWOVENS, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION** |
| v. | ) | **FOR ATTORNEYS' FEES** |
| | ) | **AND** |
| CONSUMER PRODUCTS ENTERPRISES, | ) | **SUPPORTING MEMORANDUM** |
| INC., | ) | |
|     Defendant. | ) | |

In its Motion For Summary Judgment and Supporting Memorandum ("Summary Judgment Brief"), which is submitted to the Court herewith, Defendant has demonstrated that the Counts that Plaintiff has asserted in this litigation are utterly without merit and should be dismissed. For the reasons stated below, Defendant requests that the Court recognize that this is an exceptional case of frivolous litigation and award to Defendant its reasonable attorneys' fees and costs.

## ARGUMENT

Federal trademark law provides that a court may award attorneys' fees to the prevailing party in exceptional cases. See 15 U.S.C. §117(a). In such a case, the award of attorneys' fees may be awarded to a successful trademark defendant. See Senate Rep. No. 93-1400, 93rd Cong. 2d Sess. 2 (Dec. 17, 1974), reprinted in 1974 U.S.C.C.A.N. 713, 7133. Federal copyright law similarly allows for the recovery of attorneys' fees by "the prevailing party as part of the costs." 17 U.S.C. § 505. The issue of attorneys' fees is a matter for the judge. See *Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd.*, 282 F.3d 23 (1st Cir. 2002).

Attorneys' fees may be awarded to a trademark defendant under a number of circumstances. See, e.g., *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor*

*Leagues, Inc.*, 223 F.3d 1143 (10th Cir. 2000). In particular, such an award may be made when a plaintiff's claims "utterly lack merit." See *S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 991 F. Supp. 1012, 1024 (N.D. Ill. 1998) ("[Plaintiff's] claim of actual infringement of its registered marks, Count I, crosses the border of legal frivolousness, as its . . . claim utterly lacks merit on its face.") Such a "crossing of the border of legal frivolousness" occurs when "[t]he claims made by plaintiff are unsupportable and even a cursory examination of the law demonstrates that fact." *Id.* An award of attorneys' fees in such an instance may be appropriate when a plaintiff sues on the basis of an invalid trademark registration. See *K-Jack Engineering Co. v. Pete's Newsrack, Inc.*, 1980 U.S. Dist. LEXIS 16677, *2-3, 209 U.S.P.Q. (BNA) 386 (C.D. Cal. 1980).

    This is such a case. As demonstrated in Defendant's Summary Judgment Brief, the term "Wool Felt," whether spelled as one or two words, is clearly generic. Plaintiff, which has long been active in the wool felt industry, certainly had to be aware of the widespread use of that generic term for wool felt, as shown in the Summary Judgment Brief.[1]

---

[1] Notwithstanding the extremely widespread use, throughout the wool felt industry and wool felt market, of the term "wool felt" to identify wool felt, Plaintiff's Rule 30(b)(6) representative recently swore that she had no knowledge of the meaning of "wool felt" except as an incorrect term for felted wool:

Q. When I use the term wool felt, do you know what I'm talking about?

A. No.

Q. Do you know how the term -- do you have any understanding how the term wool felt as two words is being used by other companies?

A. No.

Q. You don't? The term wool felt as two words has no meaning to you?

A. It has meaning.

Q. What is that meaning?

A. As two words?

Q. Yes.

A. The incorrect usage of felted wool.

Q. The incorrect -- what do you mean by incorrect usage of felted wool?

2

Nonwovens' attempt in this litigation to characterize "wool felt" as anything but the generic term for wool felt (or, as it would assert, "felted wool") has been frivolous and completely without merit. This Court, pursuant to section 35(a) of the Lanham Act, should award to CPE its attorneys' fees that Nonwovens needlessly forced it to incur.

Recovery of attorneys' fees with respect to the copyright claims is also appropriate in this matter. As Judge Posner has stated:

> When the prevailing party is the defendant, who by definition receives not a small award but no award, the presumption of awarding fees is very strong. See *Diamond Star Building Corp. v. Freed*, 30 F.3d 503, 506 (4th Cir. 1994). For without the prospect of such an award, the party might be forced into a nuisance settlement or deterred altogether from enforcing his rights.

---

A. Felted wool is a process, a technology. It is how you manufacture the product. It has been used incorrectly by using the word wool felt.

Q. Do you know of any product that's identified correctly by the term wool felt as two words?

A. No.

Q. It would be your opinion or at least your understanding that any party that uses the term wool felt to identify product is using that term incorrectly?

A. Yes.

Deposition of Michelina Centofanti ("Centofanti Depo.") at 43 - 44. Furthermore, notwithstanding its own use of the term "wool felt," both in its trademark registration application to the USPTO, on its own website, and in its own promotional materials, Plaintiff's Rule 30(b)(6) representative also averred under oath that it did not make or market "wool felt."

Q. Does National Nonwovens make wool felt?

A. We manufacture felted wool.

Q. You don't make wool felt?

A. We manufacture felted wool.

Q. My question is do you make wool felt?

A. No.

Q. You don't make wool felt?

A. No.

Q. Do you market wool felt?

A. We have a product trade marked WOOLFELT one word.

Q. But you don't market wool felt as two words?

A. No.

Centofanti Depo. at 42. We believe that this testimony, alone, reflects the absurdity of Defendant's infringement argument in this case and the frivolousness and bad faith nature of this litigation.

3

*Assessment Techs. of Wis., LLC v. WIREdata, Inc.*, 2004 U.S. App. LEXIS 4995 (7th Cir., March 17, 2004).  Clearly, this is such a case where Defendant, nearly forced into a nuisance settlement, will, absent an award of attorneys' fees, suffer substantial economic harm simply as a result of enforcing its rights.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court award to it the reasonable attorneys' fees that it has incurred in defending this litigation.

>Respectfully submitted,
>CONSUMER PRODUCTS
>ENTERPRISES, INC.
>By Its Attorneys:

Dated: November 12, 2004

>_____/s/_____
>James C. Duda
>  BBO No. 551207
>Joshua P. Grey
>  BBO No. 650544
>Bulkley, Richardson and Gelinas, LLP
>1500 Main Street, Suite 2700
>Springfield, MA 01115
>Tel: 413-781-2820
>Fax: 413-272-6806
>e-mail: jduda@bulkley.com
>          jgrey@bulkley.com

4