# EXHIBIT G

*Offices in*
Hartford, CT and
Springfield, MA

*From the Desk of*
J. Kevin Grogan
grogan@ip-lawyers.com
Tel 413 736.5401
Fax 413 733.4543

1350 Main Street
5th Floor
Springfield, MA 01103-1628
www.IP-Lawyers.com

Correspondence Address:
CityPlace II
185 Asylum Street
Hartford, CT  06103-3402

John C. Linderman*✣
J. Kevin Grogan*✣
Arthur F. Dionne*✣
Marina F. Cunningham*
Daniel G. Mackas*
Nicholas J. Tuccillo*
Wm. Tucker Griffith*
Donald J. MacDonald✣
Kevin H. Vanderleeden✣
Jeanne M. Tanner*
John A. Kramer✣
*Admitted in CT
✣Admitted in MA

*Technical Consultants*
Chad A. Dever, Ph.D.
Alan L. Stern

*Of Counsel*
Donald K. Huber*
Frederick J. Haesche*
John C. Hilton*
Chester E. Flavin✣
William C. Crutcher*
John J. Dempsey

January 13, 2005

James C. Duda, Esq.
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
P.O. Box 15507
Springfield, MA  01115-5507

   Re: National Nonwovens, Inc. v.
      Consumer Products Enterprises, Inc.
      Civil Action No. 04-30048-MAP
      - (Our File No. 6020-0011-1)

Dear Jim:

We are in receipt of your letter to Arthur Dionne of January 10, 2005.

Please understand we do *not* interpret the Judge's Order of December 27, 2004 to be one which is "an allowance of limited discovery at this point".  As you well know, the Judge's Order was a ruling only on Plaintiff's Motion to Compel Discovery.  None of the language in the Judge's Order can be interpreted as a blanket limitation on the discovery process.  There has been no other Order in this case that constrains the scope of Discovery for either Party.

We again reiterate that the Plaintiff has the right to question CPE on any matter not specifically excluded by Judge Neiman's Order of December 27 and which is consistent with the Federal Rules.  We direct your attention to the enumerated matters in our January 7 letter.  Plaintiff shall examine the witnesses as to the matter set forth in Items 1 - 5, as well as all other topics not specifically excluded by Judge Neiman's Order.  A deposition at which a witness is instructed not to answer questions on these matters is not acceptable to the Plaintiff.

Should there be concerns on the part of the Defendant in this regard, the Plaintiff is agreeable to the entry of a Protective Order that precludes disclosure of confidential information.  We have repeatedly suggested the same, and have provided you with several drafts of a Protective Order, to no avail.  You will recall the suggested Order limits disclosure

James C. Duda, Esq.
Bulkley, Richardson and Gelinas, LLP

January 13, 2005
Page 2

of Confidential Information to counsel for the respective Parties and experts who have signed an undertaking of confidentiality. Just this week the draft order was again sent to your office for consideration, and we enclose another copy for your convenience.

We seek to remove any ambiguity with regard to the upcoming depositions to ensure an efficient process. Please confirm your understanding of the foregoing issues as soon as possible. If needed, we shall ask for the Court's intervention. Note, we are available to expedite filing for a joint Protective Order at your convenience.

Very truly yours,

**McCORMICK, PAULDING & HUBER LLP**


By           /s/
         J. Kevin Grogan

JKG/amp/med
Enclosure

2