# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL NONWOVENS INC.        )
                                   )
           Plaintiff          )
                                   )
      v.                  )  Civil Action No.: 04-30078-MAP
                                   )
CONSUMER PRODUCTS ENTERPRISES, INC )
                                   )
                                   )
          Defendant       )

## PLAINTIFF'S OPPOSITION TO PLAINTIFF'S (sic) EMERGENCY MOTION FOR A PROTECTIVE ORDER

Plaintiff National Nonwovens Inc. ("NNI") opposes Defendant's Motion For A Protective Order.

In Defendant's Motion, Defendant makes the statement that Plaintiff "has been denied the discovery of sensitive business information unrelated to the motion for summary judgment". Defendant further states that the Court ordered that "the Defendant need provide only a limited amount of the discovery sought, <u>specifically only</u> the discovery that might be relevant to the motion for Summary Judgment." (emphasis added) This is pure sophistry on Defendant's part as it is clear from the Court's Order of December 27, 2004, that Plaintiff's discovery was not limited to only issues relevant to the Motion for Summary Judgment.

The Court's Order of December 27, 2004, must be considered in two parts. That which the Court ordered the Defendant to do and that which the Court indirectly ordered the Plaintiff not to do.

As to the Defendant, the Court ordered Defendant to respond to Plaintiff's Second Set of Interrogatories Nos. 1, 2 and 3 and Second Request for Documents No. 1. As to the Plaintiff, the Court indirectly ordered the Plaintiff not to attempt discovery on the issues of (1) purchasers of Defendant's felted wool products, (2) dollar amount of sales of Defendant's felted wool products and/or (3) evidence of sales of Defendant's felted wool products. The Court did not Order the Plaintiff to forgo discovery as suggested by the Defendant.

The Defendant has strongly urged that the depositions in South Carolina should be stayed pending the outcome of the Motion for Summary Judgment claiming that to go forward with the depositions is essentially a waste of time and money. On this issue the Defendant appears to be "talking out of both sides of its mouth". As the Court will note, Defendant initially did not object to the depositions and in fact contacted the Plaintiff to see if the order of the depositions could be changed. It was only after the Plaintiff advised the Defendant of the intended scope of the depositions and the scheduling of the deposition of third party witness Jeff Berline (CPE's former President) that the depositions became a waste of time and money.

The Plaintiff should be accorded the right to conduct its discovery as it sees fit and not be precluded from doing same based on Defendant's self-serving statements. Defendant's Motion should be denied.

Respectfully submitted,
National Nonwovens Inc.
By Their Attorney

Date: January 18, 2005

_____
Arthur F. Dionne
BBO No. 125,760
J. Kevin Grogan
BBO No. 635,089
McCormick, Paulding & Huber LLP
1350 Main Street, 5th Floor
Springfield, Massachusetts 01103
Tel. (413) 736-5401
Fax (413) 733-4543

### Certificate of Service

I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this 18th day of January 2005 to all counsel of record for each party.

_____
Arthur F. Dionne