# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| National Nonwovens, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 04-30078-MAP |
| ) | |
| Consumer Products Enterprises, Inc., ) | |
| ) | January 21, 2005 |
| Defendant. ) | |

## MOTION FOR PROTECTIVE ORDER UNDER FED. R. CIV. P. 26(c)

Pursuant to Rule 26(c) the Federal Rules of Civil Procedure Plaintiff National Nonwovens, Inc. ("NNI") seeks a Protective Order from the Court relating to discovery by both parties in the above entitled litigation. A [Proposed] Stipulated Protective Order that has been executed by both of the parties is attached hereto.

As noted above, Counsel for Plaintiff NNI and Counsel for Defendant Consumer Products Enterprises, Inc. have executed the [Proposed] Stipulated Protective Order.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | National Nonwovens, Inc. |
|  | By Their Attorney |
| Date: <u>January 21, 2005</u> | /s/ Arthur F. Dionne |
|  | Arthur F. Dionne |
|  | BBO No. 125,760 |
|  | J. Kevin Grogan |
|  | BBO No. 635,089 |
|  | McCormick, Paulding & Huber LLP |
|  | 1350 Main Street, 5th Floor |
|  | Springfield, Massachusetts 01103 |
|  | Tel. (413) 736-5401 |
|  | Fax (413) 733-4543 |

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing was mailed, postage prepaid, this <u>21st</u> day of <u>January</u>, 2005 to all counsel of record for each party.

<u>/s/ Arthur F. Dionne</u><br>
Arthur F. Dionne, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NATIONAL NONWOVENS INC.. . )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>CONSUMER PRODUCTS ENTERPRISES, INC. )<br>)<br>)<br>Defendant ) | Civil Action No.: 04-30078-MAP |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

WHEREAS, each party believes discovery in this civil action may involve the disclosure of trade secrets or other business and technical information considered by a party to be confidential within the meaning of Fed. R. Civ. P. 26(c); and

WHEREAS, each party believes it would be appropriate to conduct discovery under a protective order pursuant to Fed. R. Civ. P. 26(c), counsel for the parties have agreed to this Proposed Stipulated Protective Order ("Protective Order"), and subject to the approval of the Court;

IT IS NOW THEREFORE ORDERED THAT:

    1.    This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the Federal Rules of Civil Procedure and other information which the party or third-party producing information (hereinafter the "producing party") designates as "CONFIDENTIAL," furnished directly or indirectly, in this action.

2. As used herein, the term "CONFIDENTIAL" refers to any answer, testimony, document, article, or thing, or any portion or portions thereof, produced or disclosed in discovery in this action that contains information that constitutes a trade secret or other competitively sensitive business, or technical information believed by a party to be confidential and proprietary in accordance with Fed. R. Civ. P. 26(c)(7). Matter shall only be designated as "CONFIDENTIAL" if the producing party in good faith believes that disclosure of that matter will be detrimental or may cause injury to the producing party in the conduct of its business. If a document includes "CONFIDENTIAL" information in addition to other information, and the "CONFIDENTIAL" information is redacted, the remainder of the document may be treated as if no "CONFIDENTIAL" information existed in the document.

3. With respect to such matter that has been or will be sought by discovery, the producing party will identify or otherwise designate such matter as follows:

(a) For written matter, by clearly marking "CONFIDENTIAL" on the first page and each applicable page of a responsive document bearing "CONFIDENTIAL" information;

(b) For depositions, by designating the material as "CONFIDENTIAL" at the time of the deposition or within thirty (30) calendar days of receiving the transcript of the deposition in accordance with Paragraph 9 of this Protective Order.

Unless addressed elsewhere in this Protective Order, the matter produced or revealed shall be deemed to be produced or revealed without restriction in the absence of any "CONFIDENTIAL" designation at the time of production or revelation. Notwithstanding the foregoing, a party producing documents for inspection prior to copying may designate such

documents as "CONFIDENTIAL" by so stating in writing prior to the inspection so long as an appropriate confidentiality legend is applied to the documents before production of copies.

  4.  As to produced or revealed matter designated "CONFIDENTIAL" in accordance with Paragraphs 2 and 3, above:

    (a)  All such matter shall be used solely for purposes of this lawsuit.

    (b)  The designated matter or information shall only be viewed by the receiving party's counsel who shall not disclose such matter except to the following described groups of persons:

      (i)  Outside litigation counsel in the above-captioned action for the receiving party and their respective legal assistants, stenographic, and clerical employees, as well as outside copying, graphic, computer services, and court reporters performing services in conjunction with this litigation;

      (ii)  The Court and the Court's staff; and

      (iii)  Outside independent technical, financial, or legal advisors, and/or experts, as are deemed necessary, in the judgment of counsel for the receiving party, for performing services in conjunction with this litigation, provided that before receiving "CONFIDENTIAL" matter, each shall execute and deliver to the attorney of record making the disclosure a written agreement in the form attached hereto as Exhibit A, and provided further that the identity of the outside independent technical, financial, or legal advisors, and/or expert, including name and a brief description of education, present and past employment, and general areas of expertise, shall be provided in the form of a resume and/or curriculum vitae, if available, by email, personal delivery or facsimile to the producing party and received no less than ten (10)

business days before the intended date of disclosure to that outside independent technical, financial, or legal advisor, and/or expert.

    5.    If the producing party objects to disclosure of "CONFIDENTIAL" material to an outside independent technical, financial, or legal advisor, and/or expert, the producing party shall promptly serve its objections upon the receiving party, in writing, identifying the specific bases for each objection, and particularly identifying all information to which disclosure is objected. Service of any objections upon the receiving party shall be by email, personal delivery or facsimile to the receiving party and must be received within ten (10) business days after the producing party receives the identification of the outside independent technical, financial, or legal advisor, and/or expert. Upon receipt of the producing party's objections, the receiving party shall not disclose said objectionable "CONFIDENTIAL" material to said outside independent technical, financial, or legal advisor, and/or expert. If the receiving party disagrees with the producing party's objections to the disclosure of "CONFIDENTIAL" material to a proposed outside independent technical, financial, or legal advisor, and/or expert, the receiving party shall notify the producing party of the disagreement, in writing, to be served upon the producing party by email, personal delivery or facsimile and received within ten (10) business days of the receipt of the receiving party's objections. Thereafter, the parties shall attempt to resolve the dispute in good faith. If the parties cannot agree on disclosure of "CONFIDENTIAL" material to the receiving party's proposed outside independent technical, financial, or legal advisor, and/or expert, the receiving party may file and serve a motion for an order seeking disclosure to the proposed outside independent technical, financial, or legal advisor, and/or expert. Such motion shall be filed within five (5) business days of the receiving party giving the producing party written notice that no agreement on the disclosure of

"CONFIDENTIAL" material has been reached.  Service of the notice upon the producing party shall be by email, personal delivery or facsimile.  No "CONFIDENTIAL" material shall be disclosed to that outside independent technical, financial, or legal advisor, and/or expert until the validity of the objection has been resolved, either by negotiation or by the Court.

6.    Any deposition witness, trial witness, or potential witness may be shown a document designated as "CONFIDENTIAL" only under the following conditions:

(a)    If the individual is identified as a signatory, author, addressee, or recipient of a copy of the document;

(b)    If the individual is a current or former officer, director, employee of a party, or a witness designated by a party pursuant to Fed. R. Civ. P. 30(b)(6), the document has been designated as "CONFIDENTIAL" by that party, and the document is of the type of which such individual would normally have access; or

(c)    By agreement of counsel for the producing party.

The use of designated materials during a deposition or trial shall not constitute a waiver of a claim of confidentiality.

7.    If any receiving party wishes to disclose any material designated "CONFIDENTIAL" to anyone other than those permitted by Paragraph 4, above, prior written notice shall be served on counsel for the producing party, at least ten (10) business days prior to the disclosure, which notice shall include: (1) the identity of that person, by name and brief description, including education and present and past employment, provided in the form of a resume and/or curriculum vitae, if available; (2) the information to be disclosed; and (3) an acknowledgment in writing in the form attached hereto as Exhibit A, duly executed by that person.  The producing party shall respond in writing within ten (10) business days of its receipt

of such written notice. If the producing party objects to the disclosure, no such disclosure shall occur except upon the receiving party obtaining leave of Court.

8. In the event that any documents or information which have been designated as "CONFIDENTIAL" are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed with the Clerk of the Court, such paper shall be filed in sealed envelopes prominently marked with the caption of this civil action, the identity of the party filing the envelope, and the following (or any comparable) notation:

CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

THIS ENVELOPE IS NOT TO BE OPENED OR THE CONTENTS THEREOF
DISPLAYED, REVEALED OR COPIED, EXCEPT BY COURT ORDER OR BY
AGREEMENT OF THE PARTIES

The party filing such material shall also clearly mark as "CONFIDENTIAL" the cover page of any document including "CONFIDENTIAL" information, and each page thereafter that contains such "CONFIDENTIAL" information. The party filing such material shall take all steps necessary, including by complying with L.R. 7.2, to ensure that the Court maintains the confidentiality of the information designated as CONFIDENTIAL. No party shall be limited by this Protective Order from filing or using in this case copies of non-confidential pages (or portions of pages) of any pleading, motion or transcript, or of any non-confidential discovery document. Subject to the terms of Paragraph 15, a producing party's unsealed filing of its own CONFIDENTIAL documents or information shall be deemed a change of the classification of the documents or information from CONFIDENTIAL to non-confidential.

9. In the event that any item embodying "CONFIDENTIAL" material is used at a deposition, the reporter and counsel shall be instructed at any time during the deposition that, pursuant to this Protective Order, the deposition and deposition exhibits containing

"CONFIDENTIAL" material, if retained by the reporter, shall be retained under seal, and if filed with this Court, shall be filed under seal with the instructions to the Clerk of this Court set forth in Paragraph 8 above. The reporter shall be further instructed not to furnish copies of any such material or disclose its contents to any person other than counsel for the respective parties (or an applicable third party as designated in Paragraph 6). The parties may also designate deposition testimony as containing "CONFIDENTIAL" material by providing written notice of such designation to counsel for the opposing party, and, where applicable, the reporter, within thirty (30) calendar days after receipt by any party or its counsel of the transcript of such testimony. Prior to the end of such thirty (30) day time period, the entire transcript shall be treated as "CONFIDENTIAL".

10.    A party shall not be obligated to challenge the propriety of any "CONFIDENTIAL" classification at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the "CONFIDENTIAL" classification may request appropriate relief from the Court. The burden of proving that information has been properly classified as "CONFIDENTIAL" is on the producing party.

11.    The restrictions of this Protective Order shall not apply to any information which in the future is otherwise made known to the receiving party on a non-confidential basis by the producing party, or which is otherwise made known in the future to the receiving party on any basis by any source other than the producing party, which source is independent of the receiving

party and as to which the receiving party is under no obligation to maintain such information in confidence. Said restrictions shall further not apply to any information which the receiving party shall establish was already known to it without any restriction as to confidentiality at the time of disclosure, or has been or becomes a matter of public knowledge through no act of the receiving party, or has become publicly available subsequent to disclosure through no act of the receiving party. Nothing herein restricts a producing party's use of its own "CONFIDENTIAL" documents or information.

12. This Protective Order shall not bar attorneys from commenting on "CONFIDENTIAL" information in general terms in order to advise their clients with respect to this litigation, so long as such advice does not disclose the "CONFIDENTIAL" information.

13. It is not the intention of this Protective Order to deal with any discovery objection to produce, answer or respond, including those on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief, modification of this Protective Order, or additional protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure. Also, nothing in this Protective Order shall be construed as an admission or agreement that any specific information is or is not subject to discovery, relevant, or admissible in evidence in this litigation.

14. If at a hearing in connection with any motion in this action or at trial, a party intends to offer into evidence any item designated as "CONFIDENTIAL" material and produced by any other party, that party shall inform the producing party of its intent a reasonable time in advance so that the producing party may take steps it deems reasonably necessary to preserve the confidentiality of the item.

15. The inadvertent production of any information or document without it being properly marked shall not be deemed a waiver of any claim of confidentiality in such information or document. If a party, through inadvertence, produces any "CONFIDENTIAL" material without marking it as such in accordance with the provisions of this Protective Order, the producing party may furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such material is deemed "CONFIDENTIAL" and should be treated as such in accordance with the provisions of this Protective Order. Each receiving party must treat such information as confidential from the date such notice is received. Disclosure of such "CONFIDENTIAL" material before the receipt of such notice shall not be deemed a violation of this Protective Order. In the event that inadvertently produced "CONFIDENTIAL" material was disclosed to parties or persons other than those authorized by Paragraph 4 prior to receiving such notice from the producing party, then the receiving party shall make reasonable efforts to retrieve all copies of documents provided to unauthorized parties or persons and prevent any further disclosure of such documents.

16. The inadvertent production of information or documents subject to the attorney-client privilege, work product immunity, or other privilege or immunity ("privileged materials") shall not constitute a waiver of the privilege or immunity. When an inadvertent production occurs, the producing party, upon notice thereof, shall promptly notify the receiving party, in writing, and the receiving party shall return any privileged documents (and copies thereof) and shall not in any way use the inadvertently-produced information.

17. Counsel receiving designated information that is provided pursuant to this Protective Order shall maintain such designated information in a secure and safe area and shall

exercise due and proper care with respect to the storage, custody, and use of all designated information, so as to prevent the unauthorized or inadvertent disclosure of any designated "CONFIDENTIAL" material.

18. Upon final determination of the above-captioned civil action, including all appeals, all copies of all documents containing designated "CONFIDENTIAL" material that are in the possession of outside counsel or authorized outside experts entitled to access under Paragraph 4 above, or other individuals entitled to access under Paragraph 6, shall either be returned to outside counsel of record for the designating party or destroyed. As to destroyed documents, each party shall certify to the other party that such documents have been destroyed. Return or destruction shall take place within sixty (60) days of the final determination of the action. All filings of such information with the Court shall be retrieved from the Court and destroyed or destroyed by the Court as may be permitted by the Local Rules. Notwithstanding these obligations, outside counsel for the parties may retain a single copy of any documents containing designated "CONFIDENTIAL" information.

19. The restrictions provided for herein shall not terminate upon the conclusion of this action but shall continue until further order of this Court; provided, however, that this Protective Order shall not be construed: (a) to prevent any party or its counsel from making use of information which was lawfully in its possession prior to its disclosure by the producing party, (b) to apply to information which appears in public documents, including issued patents or printed publications, or becomes publicly known, or (c) to apply to information which any party or its counsel has, since disclosure by the producing party, lawfully obtained from a third-party having the right to disclose such information.

IT IS SO ORDERED:

Date: _____      _____

## STIPULATION

The parties, by and through their undersigned counsel, agree to the entry of the foregoing Protective Order.

Dated: *[signature: James C. Duda]*                             Dated: *[signature: Arthur F. Dionne]* 1/21/05

By: *[signature: James C. Duda]* 1/20/05 CNR        By: *[signature: Arthur F. Dionne]*
James C. Duda, Esq.                                                     Arthur F. Dionne, Esq.
BBO #551,207                                                                BBO #125,760
Pamela S. Chestek, Esq.                                              J. Kevin Grogan, Esq.
BBO #647,124                                                                BBO #635,089
Joshua P. Grey, Esq.                                                     McCormick, Paulding & Huber LLP
BBO #650,544                                                                1350 Main Street, 5th Floor
Buckley, Richardson & Gelinas, LLP                         Springfield, MA 01103
1500 Main Street, Suite 2700                                      Tel: 413-736-55401
Springfield, MA 01115                                                  Fax: 413-7334543
Tel:  413-781-2820
Fax: 413-272-6806                                                        Attorneys for Plaintiff
                                                                                       National Nonwovens Inc
Attorneys for Defendant
Consumer Products Enterprises, Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACUSETTS**

| | |
|---|---|
| NATIONAL NONWOVENS INC.. . | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil Action No.: 04-30078-MAP |
| | ) |
| CONSUMER PRODUCTS ENTERPRISES, INC. | ) |
| | ) |
| | ) |
| Defendant | ) |

CONFIDENTIALITY AFFIDAVIT OF _____

STATE OF          )
                  )
COUNTY OF         )

I, _____, being duly sworn, hereby state as follows:

1. I have received and carefully read a copy of the Protective Order entered in the above-captioned litigation, and I understand its terms and conditions.

2. I agree to be bound by and to comply with all the terms of said Protective Order and such other Orders as the Court may issue regarding the confidential treatment to be accorded documents and other materials in this litigation.

3. I agree to hold in confidence, and not to disclose to any person not similarly bound by this Protective Order, any "CONFIDENTIAL" information disclosed to me in the course of this litigation.

1

**EXHIBIT A**

4. I agree to return all documents containing "CONFIDENTIAL" information to outside counsel by whom I have been retained, at the conclusion of this litigation.

5. I acknowledge that the Court may sanction me if I violate the provisions of this Protective Order and I hereby agree to submit to the jurisdiction of this Court for said purpose.

FURTHER AFFIANT SAITH NAUGHT.

_____
Signature

_____
Printed or Typed Name

DATED: _____

SWORN to before me and subscribed in my presence this _____ day of _____, 200\_\_\_.

_____
Notary Public

(Seal)
_____

2                                                                                                              EXHIBIT A