# EXHIBIT QQ

TRADEMARK MANUAL OF EXAMINING PROCEDURE

**1402.07(c)    Unambiguous Identifications**

An applicant may amend an unambiguous identification of *goods* that indicates a specific type of goods to specify definite and acceptable identifications of *goods* within the scope of the existing terminology.

An applicant may amend an unambiguous identification of *services* that indicates a specific type of service to specify definite and acceptable identifications of *services* within the scope of the existing terminology.

*An applicant may not amend a definite identification of goods to specify services, or vice versa.*

> *Example* - If the applicant specifies "computer programs in the field of accounting," the applicant may only amend to specify computer programs within the scope specified, those concerning accounting. The applicant may not amend to any service, or to any goods outside the scope of those already identified.
>
> *Example* - Likewise, if the applicant identifies the goods as "computer programs" without specifying the field, the applicant is limited to specific types of computer programs for the purposes of amendment. The applicant has identified a definite type of goods, but Office policy requires further specificity as to purpose or function. An applicant who had identified its goods as "clothing" would likewise be limited to goods within the scope of the term "clothing."
>
> *Example* - If the applicant specified "retail store services," the applicant would be limited to amendments within the scope of this service. Although Office policy requires further specificity as to field, the applicant has identified a definite type of service.
>
> *Example* - If the applicant identifies its goods as "stationery" or "wine labels" or "menus," the applicant is restricted, in any amendments, to goods within the scope of the type indicated. The applicant could not amend to specify other types of goods or services, such as "wine" or "restaurant services."

**1402.07(d)    Permissible Scope of Identification Not Affected by Proposed Amendment That Is Unacceptable**

If the applicant proposes an amendment to the identification of goods and services, and the examining attorney determines that the amendment is unacceptable, the examining attorney should refer to the identification of goods before the proposed amendment to determine whether any later amendment is within the scope of the identification. In such a case, the applicant is not bound by the scope of the language in the proposed amendment but, rather, by the language of the identification before the proposed amendment.

## CLASSIFICATION AND IDENTIFICATION OF GOODS AND SERVICES

If the applicant submits an amendment to the identification of goods and services and the examining attorney determines that it is unacceptable, in whole or in part, the examining attorney should advise the applicant of the item or items that are unacceptable. The examining attorney should also advise the applicant that the previous items listed in the existing identification (not the unacceptable substitute) remain operative for purposes of future amendment.

If the applicant submitted the amendment in response to a requirement, the examining attorney should issue a final requirement for amendment of the identification if the proposed amendment raises no new issues and the application is otherwise in condition for a final action. *See* TMEP §714.05(a)(ii).

**1402.07(e)       Permissible Scope of Identification Affected by Proposed Amendment That Is Accepted**

Once an applicant amends the identification of goods or services in a manner that is acceptable to the examining attorney, the amendment replaces all previous identifications, and thus restricts the scope of goods or services to that of the amended language. Further amendments that would add to or expand the scope of the recited goods or services, as amended, will not be permitted. *In re Swen Sonic Corp.*, 21 USPQ2d 1794 (TTAB 1991); *In re M.V Et Associes*, 21 USPQ2d 1628 (Comm'r Pats. 1991). The applicant may not amend the identification to reinsert goods or services that were omitted or deleted from the identification of goods or services, except in the following limited circumstances:

(1) Where, before publication or within six months of the mailing of an examiner's amendment (*see* TMEP §§707 *et seq*.), whichever is earlier, the applicant objects to an amendment of the identification of goods or services in the examiner's amendment *on the ground that the examiner's amendment does not reflect the agreement between the applicant and the examining attorney*;

(2) Where the applicant inadvertently omits goods or services from an amendment to allege use and has not specifically indicated an intention to delete those goods or services (*see* TMEP §1104.09(c)); or

(3) Where the applicant inadvertently omits goods or services from a statement of use and has not specifically indicated an intention to delete those goods or services (*see* TMEP §1109.13).

In contrast to situations (2) and (3), set out above, if, in a request for an extension of time to file a statement of use, the applicant inadvertently omits particular goods or services when specifying the goods and services on or in connection with which it has a continued bona fide intention to use the mark in commerce, those items may not later be reinserted. *See* 37 C.F.R. §2.89(f); TMEP §1108.02(d).