UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NATIONAL NONWOVENS, INC.,    )
        Plaintiff    )
                     )
    v.                     ) CIVIL ACTION NO. 04-30078-MAP
                     )
CONSUMER PRODUCT             )
ENTERPRISES, Inc.,           )
        Defendant    )

ORDER REGARDING DEFENDANT'S MOTIONS
FOR SUMMARY JUDGMENT AND ATTORNEY'S FEES
(Docket Nos. 23, 24)

September 30, 2005

PONSOR, U.S.D.J.

    This is an action for unfair competition, trademark infringement, false designation of origin, trade dress infringement, and copyright infringement, brought pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., the United States Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and Mass. Gen. Laws ch. 93A. The central issue in this case is the defendant's use of the term "wool felt" to describe one of its products. Among the other counts are claims regarding copyrighted instructions for boiling wool felt and the use of a sheep logo.

    Pursuant to Fed. R. Civ. P. 56, the defendant has moved for summary judgment on all claims. The defendant has also moved for an award of attorney's fees. The defendant argues that the plaintiff may not assert trademark rights in a

generic term.  In addition, the defendant contends that the plaintiff's copyright claim is frivolous, and that the remaining claims are ambiguous and lack evidentiary support.

The motion for summary judgment (Dkt. No. 23) is hereby ALLOWED and the motion for attorneys' fees (Dkt. No. 24) is DENIED.  The undisputed facts of record demonstrate that the phrase "wool felt" is generic.  As to the ancillary issues, although the two sets of instructions for boiling wool felt are similar, instructions of this sort are largely devoid of expressive content and primarily convey factual information, which is not protected under copyright.  Regarding the competing sheep logos, they are clearly dissimilar, and the choice of a sheep logo to market a product made from wool is hardly surprising.  The defendant correctly notes that the plaintiff has failed to state the substance of and offer evidentiary support for its remaining claims.  Finally, while the record is insufficient to support the plaintiff's substantive claims, this lawsuit is not so lacking in merit as to justify an award of attorney's fees.

A memorandum will issue shortly setting forth the court's reasoning in more detail.  The court will not, however, enter final judgment pending resolution of the counter-claims in this case.  Once the memorandum describing the court's reasoning issues, the court will set a date for

a status conference to discuss the disposition of the counter-claims.

    It is So Ordered.

                                      <u>/s/ Michael A. Ponsor</u>
                                      MICHAEL A. PONSOR
                                      U.S. District Judge